The cause stood continued nisi for the opinion of the Court, which was delivered at this term by
Parsons, C. J.
Wilcox having sued out a writ against his debtor returnable in the county of Worcester, and by the writ having attached the effects of his debtor in the hands of Mills, an inhabitant of another county, he being the only trustee summoned, the plaintiff recovered judgment * for his debt, arid had [ * 220 ] execution awarded against the effects of his debtor in the hands of Mills. The execution being returned unsatisfied, Wilcox sues this scire facias against Mills, to have execution against his own body, goods, and estate, to the value of the effects attached. To the scire facias, Mills pleads, in abatement, that he is the only trustee, who was summoned by the original writ, and that he was not an inhabitant of the county of Worcester, where the writ was returned, but of the county of Hampshire. To this plea there is a demurrer and joinder.
Mills, to support his plea, relies on the express words of the statute, that when all the trustees live in one county, the writ shall be returnable in that county.
If Mills had appeared to the original writ, and moved to stay all proceedings against him as trustee, or if he had prayed judgment whether he should be holden to answer, he would have been discharged as of course, and he would have been entitled to his legal costs, and perhaps to such further costs as would compensate him for his time and expenses, within the equity of the third section of the statute; because it would appear that he was not holden to answer as trustee to the plaintiff’s writ. But he lies by, until after execution is awarded against the effects of the debtor in his hands; and he now pleads these matters in abatement of the scire facias.
It is a very reasonable rule of law, that a scire facias to have execution must follow the original judgment, and that the defendant can plead nothing to the scire facias, which he might have pleaded on the original writ. On these principles, the defendant now comes too late, and his plea cannot avail him. He must submit to an examination, and he cannot be charged beyond the value of the effects he confesses to have had, when the original writ was served. But if it appears, on his examination, that he had no effects, he will not in that case be adjudged to pay any costs, but shall recover costs, because he is not resident in the county where the writ was re turned.
Judgment must be rendered, that the plea is bad, and that the said Mills answer further, &c.