# SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

# KENNEBEC.

## SEPTEMBER TERM,

## 1821.

---

### THE PROPRIETORS OF THE KENNEBEC PURCHASE *v.* DAVIS.

After the demandant has abandoned to the tenant the land demanded, at the value estimated by the jury, the tenant can no longer be considered as holding it by virtue of a possession and improvement, under *Stat.* 1807. *ch.* 75. [*Revised Statutes, ch.* 28.]

Such abandonment has the effect of a conveyance of the estate to the tenant, on condition of his paying the estimated value within the periods provided by law.

And if the tenant do not pay the value within the limited periods, he is considered as yielding to the demandant all his title and claim, both to the soil and his improvements thereon; and he cannot have them again estimated in a *scire facias* brought to revive the original judgment.

*Scire facias* lies to revive a judgment in a real action, by the common law of this State.

*SCIRE facias.* The plaintiffs had formerly brought against the defendant a writ of entry *sur disseisin*, upon which a trial being had at *October* term 1808, a verdict was returned for the plaintiffs; and the defendant in that action having prayed an appraisement of his improvements made on the land, and the plaintiffs requesting an estimate of its value without the improvements, the jury appraised both accordingly, pursuant to *Stat.* 1807. *ch.* 75. The plaintiffs then abandoned the land to the defendant at its appraised value, agreeably to the same statute. But the defendant having never paid the value of the land, as required by law, and no writ of *habere facias possessonem* having been issued, the plaintiffs now sued a writ of *scire facias* against the defendant, requiring him to show cause why they should not have execution of the former judgment and costs.

The defendant pleaded that as to part of the demanded premises, describing it, at the commencement of this action he held the same by virtue of a possession and improvement, and had held the same in his actual possession for more than six years before the suing out of this writ: and as to the residue of the premises, he pleaded a *disclaimer.* To this plea the plaintiffs demurred in law.

*R. Williams,* in support of the demurrer.

Judgment having been rendered on a verdict between these parties at *October* term 1808, and the plaintiffs having neglected to sue out their writ of *hab. fac.* within a year and a day, a writ of *scire facias* to execute that judgment is the proper remedy. *Stat.* 1783. *ch.* 57. *Co. Lit.* 290. *b.* 6 *Bac. Abr.* 105. *Sci. fac. C.* 1.

The object of this *scire facias* is to enforce the execution of the judgment ; 6 *Bac. Abr.* 103. *Sci. fac. A.* and the defendant cannot plead any thing which might have been pleaded to the original writ. 6 *Bac. Abr.* 123. *E.* 4 *Mass.* 218. 12 *Mass.* 268.

That the facts now pleaded might have been pleaded to the original writ, is manifest both by *Stat.* 1807. *ch.* 75. and by the copy of the judgment in the case, which shews that a claim for *betterments,* as they are called, was made, and that the jury estimated them, as well as the value of the land in a state of nature.

The judgment was for possession of the land and *costs of suit.* The *scire facias* is to obtain execution of that judgment—as well the costs, as possession—but the plea is no answer as to *the costs* in the former judgment; and a plea bad in part is a bad plea. 2 *Mass.* 82.

Again, what answer to this writ is it to say that the defendant held *a part* of the demanded premises by virtue of a possession and improvement, and had held the same in actual possession for more than six years ? Is the action barred by six years' possession ? Besides, this is not an action in which land is demanded, and to which a *disclaimer* may be pleaded; it is a writ to obtain execution of a subsisting judgment.

If the plaintiffs are barred of this writ, what remedy have they to obtain possession of land, their title to which the defendant is estopped to deny ? Should they bring a new writ of entry, the former recovery, if pleaded, would be a good bar. 6 *Bac. Abr.* 105. *Sci. fac. C.* 1. 7 *Mod.* 64. 66.

The defendant having once had the benefit of the plea, he now offers, and this too upon a fair trial by jury; to admit him again to plead the same plea, and again to draw the same facts into issue, would be a direct violation of legal principles which have been settled for ages.

*Bond*, for the tenant.

The object of the suit is possession of the land demanded. It is not denied that the judgment in 1808, established the title at that time; but an interest in the land has since accrued to the defendant, which the judgment does not affect. The writ of *scire facias* possesses the qualities of an original writ, and may properly be denominated an action. It is susceptible of defence, and a plea in bar may be made to it. 2 *D. & E.* 46. *Litt. sec.* 505. 2 *Wils.* 251. 2 *Ld. Raym.* 1048.

The present, then, is a real action for the land; and the tenant may well disclaim that portion of which he is not in possession. It would be unjust and unreasonable to subject him to costs for this part of the land, respecting which he has been guilty of no wrong, and into which the demandants might at any time have entered. 1 *Chitty on Pleading* 64. *Hunt v. Sprague*, 3 *Mass.* 312. *Higby v. Rice*, 5 *Mass.* 544. *Prescott v. Hutchinson*, 13 *Mass.* 439. *Parker v. Murphy*, 12 *Mass.* 485. *Otis v. Warren*, 14 *Mass.* 239. 2 *Saund.* 44. *note* 4.

Since the former judgment, and more than six years before the commencement of this action, the defendant entered into a part of the demanded premises, of which he disseised the demandants, and has ever since claimed to hold this portion by virtue of his actual possession and improvement. Of this right it is not in the power of the demandants to deprive him. It is perfect under the statute of this State, [*Revised Statutes ch.* 28.] to hold the land, paying its value without improvements, according to the judgment of a jury. Indeed the law prohibits the demandants from holding the land, under the circumstances of this case, even if the tenant be unable to pay its value. Their only remedy is to extend their execution, when obtained, upon so much land as will pay its original value, without improvements; or to sell so much at vendue. Should they enter and oust the tenant, he might recover of them, by action, the value of his improvements, by the statute of this State. And

if such a measure could not succeed when directly attempted, it is presumed it will meet with no better success when sought in this manner by a *scire facias* to have execution. The legal interest and rights of the tenant are mixed inseparably with the soil, and to their enjoyment possession of the soil is essentially necessary. The interest of a tenant in the improvements he has made on the land is as really and perfectly his estate as any other sort of property he can possess. It is assignable by his deed of conveyance, descendible to his heirs, liable for his debts, and may be taken in execution and sold by his creditors. *Stat.* 1818. *ch.* 115. [*Revised Statutes ch.* 60. *sec.* 19.] Nor have the demandants a better right to take from him these improvements, than he has to take from them the land itself without paying its value.

There is no statute in force here authorizing this process upon a judgment in real actions. The *Stat.* 1783. *ch.* 57. relates exclusively to processes in actions personal. This is manifest from its title, its general diction, and the directions given respecting the issuing, extending, and serving the executions therein mentioned, which peculiarly belong to the class of personal actions in which damages are recovered. This interpretation is confirmed by reference to *Stat.* 1784. *ch.* 28. which gives this writ in actions personal, but is silent as to all others. So in *England,* this writ is given in personal actions, by *Stat. Westm.* 2. 13. *Edw.* 1. *St.* 1. *Cap.* 45. but in real actions it is believed to stand, both in that country and in this, at common law. But the common law is supposed to have been so far modified by our late statutes, as not to admit this process in a case circumstanced like the present; where the object is to draw the question from the jury, who are appointed by law to examine and settle the equitable claims existing between the parties; and thus to defeat the wise and just provisions of the statute.

A *scire facias* being a judicial writ, it may be granted or refused, at the discretion of the Court. Its professed object is substantial justice, and it cannot be supported to the prejudice of right. Being given by common law, the practice at common law will shew whether it ought now to be granted. In *England,* if the judgment be more than ten years old, but under twenty, the writ is not issued but upon motion signed and supported by

affidavit. 1 *Tidd's Pr.* 439. *note* 2. *Tidd's Pr.* 1007. And if in this case, it has been issued improvidently, it ought to be dismissed, notwithstanding the parties have pleaded to an issue of law. *Kendrick v. Wentworth* 14 *Mass.* 57.

As to the sufficiency of the plea :—whether it be good or bad, the first fault is with the plaintiffs, and they cannot have judgment. This process is in the nature of a declaration. 2 *Tidd's Pr.* 982. Now the *Stat.* 1807. *ch.* 75. [*Revised Statutes ch.* 28.] declares that a new action for the same premises shall not be sustained, unless the demandant shall first have paid to the tenant all such costs as would have been taxed for him had he prevailed. Payment of the costs is a condition precedent, and ought to have been averred in the writ; and not containing such averment the writ is bad.

It is true it is said in some books that an entire plea bad in part is altogether insufficient. But this rule is not satisfactory. The *entirety* of the plea, which is the only foundation for the rule, is declared by *Ld. Vaughan* to be " a spungy reason, and not sense ; for if the falsehood or badness of the plea be neither hurtful to the plaintiff nor beneficial to the defendant, why should the plaintiff *have* what he ought not, or the defendant *pay* what he ought not ?" *Vaugh.* 104. 105. cited in 1 *Saund.* 337. *note* (1.) If the plea were entire, yet it is a good bar to an execution for possession. But it is not entire. It does not assume to answer the whole declaration. It is in bar of execution as to part of the land ; and the plaintiffs ought to have taken judgment by *nil dicit* for the residue. But the demurrer is a discontinuance of the whole action, and judgment must be for the defendant. 1 *Chitty on Pleading*, 509. 1 *Saund.* 28. *note* 3. 1 *Bos. & Pul.* 411.

MELLEN C. J. at the succeeding term in *Cumberland*, delivered the opinion of the Court as follows.

The defence in this action is certainly a novel one; and because the counsel for the tenant seemed to repose so much confidence in the merits of the plea in bar, we have taken a little time to consider it; and are now satisfied that it is bad, and that the demandants must have judgment.

The plea is unusual in its form; containing a *disclaimer* of *part* of the premises demanded; and other facts as a bar to the action, as to the *residue* of the premises.—These facts, composing distinct answers to distinct parts of the declaration should have been pleaded separately, so that a distinct replication could have been given to each: But as the demurrer is *general*, perhaps no advantage of this irregularity in pleading can now be taken by the demandants.

The object of a *scire facias* is to enforce a judgment; and it is a general rule that a defendant cannot plead any thing to a *scire facias* which he might have pleaded to the original action. 6 *Bac. Abr.* 123. *E.* 4 *Mass.* 218. 12 *Mass.* 268. By inspecting the record, it appears that the facts disclosed in the former part of the plea touching the defendant's possession and improvement of a part of the premises, were actually disclosed on the former trial; or at least a possession and improvement *prior* to that time; by means of which the tenant availed himself of the advantages of the act of limitation and settlement by having his improvements estimated as that act provides. The value of the land in a state of nature also was ascertained, and the premises so estimated were by the demandants abandoned to the tenant. But it is contended by his counsel that he has acquired *new rights* since the former trial: that these rights are founded on *new facts*, and that it is competent for him to plead these new facts in bar of execution. This conducts us to the inquiry whether, after the demandants had abandoned the premises to the tenant at their estimated value, he could be considered as holding them by virtue of a *possession and improvement*. We think he could not. He then held them under the operation of the above-mentioned act and the abandonment of the demandants founded on that act. An abandonment has the effect of a transfer of the estate to the tenant, on condition of his paying the estimated value within a limited time. By paying this value within such time he becomes absolute owner of the estate. If he do not pay the value within the time prescribed, he is considered as yielding up to the demandants all claim to the estate and as consenting that they should enter and hold the same with all improvements thereon made: and he may have by law his writ of possession accordingly. While a person is thus in

the occupation of lands, we do not perceive how he can be con. sidered as holding them by a *possession and improvement* within the meaning of the statute, any more than the man who is in possession under a contract made with the proprietor; and it is settled in the cases of *Knox v. Hook*, 12 *Mass.* 329. and *Shaw v. Broadstreet*, 13 *Mass.* 241. that *such* a possession does not entitle the occupant to any of its provisions.

This construction will appear plainer still if we consider the demandants' rights as to the time and mode of suing out their writs of possession.—By law they might have continued their judgment in full force, by suing out and annually renewing execution, without making any service or attempting to amove the tenant; and if such had been their course of proceeding, and, instead of a *scire facias* they had sued out a *hab. facias*, what could prevent the complete execution of it? Could the tenant resist its execution? Certainly not. How then can the facts he has pleaded bar execution? A *scire facias* to revive a judgment is intended to put the creditor in possession of the same rights, which he would have had and retained by keeping his judgment alive.

The tenant has neglected to avail himself effectually of his rights under the former judgment by paying the estimated value of the land and thus securing his title; and it is now too late for him to present his claim. In fact, he has no claim.

But it is further contended that if the *plea* be insufficient, so is the *declaration*: or, in other words, that no *scire facias* by law lies in a case like the present; it being brought to revive a judgment in a *real action.* Independent of our statute provisions relating to the writ of *scire facias*, it lay in a real action; and in the case of *Withers v. Harris*, 2 *Ld. Raym.* 806. was held to be necessary.—So to revive a judgment in ejectment. 2 *Salk.* 600. 7 *Mod.* 64.—So that if the statute of this State be construed to give and require a *scire facias* to revive judgments, in *personal* actions *only*, the objection does not seem well founded: —We have no statute limiting the term within which such *scire facias* shall issue; nor have any rules been established by our Courts, as in *England*, regulating this subject, and prescribing the mode of application to the Court for permission to sue out the writ. We think there is no irregularity in this particular;

and, on the whole perceive no ground on which the defence can be maintained.

*Judgment that the plea in bar is bad and insufficient.*