STEVER *vs.* SORNBERGER.

It is no defence to an action of debt on a *recognizance of bail,* that the defendant *is not liable to arrest* on an execution on the judgment in the cause in which the bail was put in ; the remedy of the bail is to surrender the principal, if the latter does not apply for, and obtain an *exoneretur,* to be entered on the bail piece.

DEMURRER to pleas.    The plaintiff declared in *debt* on a *recognizance of bail* entered into by the defendant, *Uriah Sornberger*, as the bail and manu-captor of *Ransom Sornberger*, in an action commenced against the latter by the plaintiff in this court, by *capias*, returnable in the term of October, 1836.    The defendant *pleaded* that the suit of the plaintiff against *Ransom Sornberger*, was commenced for the recovery of money due to the plaintiff, for goods sold and delivered, and that the said *Ransom Sornberger*, for the period of one year previous to the commencement of the suit against him, had been and still was a *resident* and *inhabitant* of this state, to wit, at, &c., and that being such resident and inhabitant, he was not bound by the law of the land, to *render himself* to any of the prisons of the state, according to the form and effect of the recognizance, upon any execution, that was or could be issued on the judgment recovered by the plaintiff against him, nor could he be arrested by virtue of any execution which could be issued upon such judgment.    There were two other pleas substantially like the above; to all of which the plaintiff demurred.

*A. L. Jordan*, for the plaintiff.

*S. Stevens*, for the defendant.

*By the Court*, NELSON, Ch. J.    The bail is estopped from   [ *276 ] denying that his principal was liable to arrest—it is conceded by entering into the recognizance. 2 *Ld. Raym.* 1535.  8 *Wendell*, 481, 2.    The privilege set up belongs to the principal alone; he may waive it if he pleases ; and which we are bound here to assume he did do, otherwise he would have applied to the court, or a judge at chambers, for a discharge, instead of putting in bail.    The idea of *duress* is absurd, as special bail do not come into the cause till after the return of the writ, and abundant op-portunity to apply for the discharge.

The remedy of the bail, is a *surrender* according to the rules and prac-tice of the court, or the principal might have procured an *exoneretur* without it, if he had moved in time.   9 *Wendell*, 462.   19 *id.* 122.

Judgment for plaintiff on demurrer, leave to amend on usual terms.