### SPRINGFIELD CARD MANUFACTURING COMPANY *vs.* NATHANIEL WEST.

In a *scire facias* against bail, it is no defence, that the defendant in the original action, at the time of his arrest, was the *chargé d'affaires* of this government to a foreign country, and was then on his way thither to enter upon the duties of his office.

THIS was a *scire facias* against the defendant, as the bail of Henry W. Ellsworth, in a suit, on which judgment had been rendered against him by default after an appearance. The defence specified was, that Ellsworth, at the time of the commencement of the original suit, was a public minister, namely, *chargé d'affaires* of the United States to and at the kingdom of Sweden, and was then busied and proceeding in the discharge of his duty as such ; and that by the constitution and laws of the United States, the supreme court thereof have sole and exclusive jurisdiction of all cases affecting ambassadors, public ministers, and cónsuls. In order to establish his defence, the defendant offered evidence to prove, among other things, that, at the time of the arrest, Ellsworth was on his journey towards the court of Sweden, in fulfilment of the duties of his appointment.

The plaintiff objected, *first*, that the clause of the constitution referred to did not apply to public ministers appointed by this government, but to those appointed and sent hither by other governments ; and, *second*, that Ellsworth, by

Blood & another *v.* Robinson.

appearing in the original suit, and submitting to the jurisdiction of the court, without pleading in abatement, or otherwise objecting to the jurisdiction, had waived his right, if he had any, to make that objection, and the defendant could not set up a ground of defence which had been so waived. The court of common pleas, *Wells*, C. J., presiding, rejected the evidence, and the defendant filed exceptions.

*A. H. Fiske*, for the plaintiffs.

There was no appearance for the defendant.

BY THE COURT. As a general rule, matter cannot be pleaded in bar, on a *scire facias*, which would have been a good defence to the original action. The judgment is conclusive. *Wilcox* v. *Mills*, 4 Mass. 218 ; *Henriques* v. *Dutch E. I. Co.*, 2 L. Raym. 1532, commented upon by Nelson, J., in *Welland Canal Co.* v. *Hathaway*, 8 Wend. 481. The bail is estopped from denying that his principal was liable to arrest. *Stever* v. *Sornberger*, 24 Wend. 274. Where a foreign consul was sued in a state court, and judgment went against him by default, the bail were not allowed, on a *scire facias*, to plead the official character of the original defendant, in defence ; they were estopped by the judgment. *Hall* v. *Young*, 3 Pick. 80. *Exceptions overruled.*