McGregor, Assignee, respondent v. Wells, Fargo & Co., appellants.

Sheriff's return — *cannot be quashed by a motion.* The sheriff's return on an execution cannot be quashed by a motion and evidence of its illegality or falsehood.

Sheriff's return — *remedy of injured party.* The party, who is injured by a sheriff's return upon an execution, can maintain an action for damages against the officer.

Sheriff's return annulled by court — *payment of execution.* The court can annul the sheriff's return upon an execution, which shows that he has applied one execution in payment of another in his hands.

Execution issued for assignee of judgment — *collection of.* The court can direct an execution to be issued in favor of the assignee of a judgment, on motion and proof of its assignment, but it cannot order the officer to collect an execution in a particular manner.

*Appeal from the Third District, Lewis and Clarke County.*

J. M. Clarkson recovered a judgment for $5,000 against Wells, Fargo & Co., in the district court in and for Lewis and Clarke county, in July, 1868. In December, 1867, Wells, Fargo & Co. brought an action in the same court against Clarkson, Norman & Drake, partners, and doing business under the style of Drake, Clarkson & Co., to recover a partnership debt. At the trial in October, 1868, the plaintiffs dismissed the case as to Norman and Drake, and recovered judgment against Clarkson for $2,673.38. On December 14, 1868, an execution was issued in favor of Clarkson, against Wells, Fargo & Co., and placed in the hands of the sheriff. On the same day, an execution was issued in favor of Wells, Fargo & Co., against Clarkson, and placed in the hands of the sheriff. On the first execution, the officer made the following return :

"Having an execution in my hands bearing even date herewith, in favor of Wells, Fargo & Co., against John M. Clarkson, on a judgment in the district court of the third judicial district of the Territory of Montana, in and for Lewis and Clarke county, for the sum of $2,673.38, dated October 26, 1868, the amount of their execution, and the

interest thereon, amounting to $2,544.50, is applied as an offset to the execution first above mentioned, and this execution is returned satisfied, and the proceeds applied as aforesaid.

W. K. ROBERTS, *Sheriff.*"

*December* 14, 1868.

The officer made a return of the same character upon the execution in favor of Wells, Fargo & Co.

On motion of McGregor, the assignee of one-half of the judgment in favor of Clarkson, the court, KNOWLES, J., canceled the return of the sheriff on the first execution, and ordered that an execution should be issued in favor of McGregor, and placed in the hands of the sheriff; and that the sheriff "execute said process of execution by using all lawful means to collect the balance due of said judgment, with the whole amount of the costs now due in said cause, and pay the same over to the said A. McGregor, in the manner provided by law."

To this order, Wells, Fargo & Co. excepted.

The opinion contains the other facts.

WOOLFOLK & TOOLE, for appellants.

The judgment assigned to McGregor was subject to all offsets existing at the time of, or before notice of the assignment. Civ. Pr. Act, § 5; *McCabe* v. *Grey*, 20 Cal. 515.

The filing of the assignment with the clerk of the district court was not constructive notice under the laws of Montana. *Call* v. *Hastings*, 3 Cal. 179; Acts 1865, 483, §§ 23, 24, 25; 2 Bouv. L. D., tit. "to record." It was no part of the records.

The execution upon Clarkson's judgment was the proper subject of set-off to the execution of Wells, Fargo & Co., against him, unless McGregor could show that appellants had actual notice of the assignment of Clarkson to him, prior to the date of their judgment against Clarkson. If no execution had been issued, it would have been the duty of the court to set off the executions against each other upon motion. *Porter* v. *Liscom*, 22 Cal. 430; 5 Abb. Dig. 16,

§ 186, *et seq.; Chamberlin* v. *Day*, 3 Cow. 353 ; *Utica Ins. Co.* v. *Power*, 3 Paige, 365.

The court refused to consider evidence showing that appellants had no notice of the assignment to McGregor, and ordered an execution in favor of McGregor to be issued, and thereby deprived appellants of their offset.

The assignee should have applied to the court to be substituted in the action, which was not done. Civ. Prac. Act, § 16.

No indorsement was made on the execution in favor of Clarkson, that it had been assigned to McGregor. The sheriff had a right to set off one execution against the other. Waterman on Set-offs, 412, 413, 414.

The sheriff's return on the executions satisfies both judgments. The order of the court opens up one judgment, and leaves the other satisfied. If respondent has any remedy, it is against the officer. The return could not be set aside by motion and affidavits. The remedy was by bill in equity. *Egery* v. *Buchanan*, 5 Cal. 53.

There was no error in the clerk issuing the execution in the name of Clarkson instead of respondent. He could not do otherwise without an order of court. Civ. Prac. Act, § 16.

CHUMASERO & CHADWICK, for respondent.

Respondent took one-half of the judgment assigned to him, without any right of set-off of the judgment subsequently recovered by ap .llants against Clarkson. *Porter* v. *Leach*, 13 Metc. 482 ; *Makepeace* v. *Coates*, 8 Mass. 451 ; Waterman on Set-off, 391 ; *Baker* v. *Hoag*, 6 How. Pr. 201 ; 5 Abb. Dig. 16, §§ 188, 189, 202, 208 ; 10 U. S. Dig. 391, § 13.

The question of notice does not arise in this case, as the appellants did not suffer on account of no actual notice being given. *Graves* v. *Woodbury*, 4 Hill, 559.

The appellants had legal constructive notice of the assignment to respondent. Civ. Prac. Act, §§ 204, 205, 206.

SYMES, J. This was an appeal from an order made by the court below, annulling and setting aside the return of

the sheriff to an execution in the case, and ordering an execution to issue in favor of the assignee of the judgment.

Plaintiff, Clarkson, recovered a judgment for $5,000 against defendants, Wells, Fargo & Co., on the 18th day of July, 1868, and, on the same day, said plaintiff assigned one-half of said judgment to Archibald McGregor, by an assignment in writing, and filed same with the clerk of the court. And on the 14th of December, 1868, an execution was issued on said judgment for balance due thereon — $2,517.03, and interest — and delivered to the sheriff for collection. On the 15th of February, 1869, the sheriff made a return on said execution to the effect that, having an execution in his hands in favor of defendants, Wells, Fargo & Co., and against the plaintiff in said aforementioned execution, on a judgment in the same court for $2,673.38, that he applied the amount due on said first execution as a set-off on the last-mentioned execution, and returned the same satisfied. Afterward the said McGregor moved the court to annul and set aside the return of the sheriff to the execution, and to order an execution to issue in favor of him, for so much of the judgment as had been assigned to him (the balance being paid). The court sustained the motion, to which defendants excepted.

The only question presented is, did the court below err in sustaining the motion to quash the return of the sheriff to the execution, and directing an alias execution to issue in favor of the assignee of the judgment. This depends, first, whether sufficient appeared on the face of the judgment roll, and the execution returned to the court, to justify the court in quashing and annulling the return; and, second, whether the assignment of the judgment, from Clarkson to McGregor, justified the court in directing an execution to issue in favor of the assignee.

The court could not quash or annul the return of the execution, on motion, on evidence *aliunde* of irregularity, falsehood or illegality in the conduct of the sheriff. This can only be reached by action against the sheriff for a false return, and damages resulting therefrom.

Vol. I. — 19.

The transcript on appeal contains the judgment in favor of Clarkson against Wells, Fargo & Co., the assignment to McGregor, the execution and return of the sheriff, and the order of court and exception to same. The judgment and execution are regular and formal; and there being no statute in this Territory authorizing the sheriff to set off one execution in his hands in favor of another, or to apply one execution in payment of another; and the return on its face showing the sheriff had done this, the court committed no error in annulling and setting aside the return. A court has full power over its own process for the enforcement of its orders and judgments.

The written assignment appears to transfer the one-half interest in the judgment from Clarkson to McGregor. No point is made that it is insufficient for that purpose. Section 16 of our Civil Code provides, that in case of a transfer of interest in an action, it may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted.

This authorized the court to allow or direct an execution to issue in favor of the assignee McGregor, upon motion and proof of the assignment of the judgment; and there was no error in the court sustaining that part of the motion. The counsel for appellants attach to the transcript herein the record of a suit in which judgment was rendered in favor of Wells, Fargo & Co., against plaintiff Clarkson and others; and their bill of exceptions shows that they offered, in defending the motion, to prove by affidavits that the indebtedness, on which their judgment was rendered, was purchased before they had any notice of the assignment from Clarkson to McGregor; and they file a long brief, and cite numerous authorities, to show that the assignment to McGregor was subject to all set-offs and equities existing at the time of, or before notice of, assignment, and that the sheriff had the legal power to set off the executions. It is immaterial in this case, whether or not the facts assumed, or positions taken by appellants, are correct; they could not be inquired into, on the motion to annul the return for

errors and irregularities appearing on the face of the papers. The record of the case accompanying the transcript shows that the judgment in the case on which the sheriff set off the execution was not against Clarkson individually, but against him and other persons, so that the court could not have set off the judgments on motion, but it could only be done by suit in equity, showing insolvency of Clarkson, etc. The doctrine that a sheriff, under the common law, without any statute authorizing it, cannot set off executions, is too well settled to need discussion. Many questions were raised and argued which would affect the rights of the parties in a suit in equity, but have no bearing on a motion to annul return of sheriff on face of papers.

The court, in directing an execution to issue, ordered the sheriff to proceed and make the money, levy on property of the defendants, sell the same, and pay the money to assignees. The presumption is that officers will do their duty, and proceed according to law ; and it was erroneous to order particularly that the sheriff should proceed to collect the execution, and the manner in which he should do so, but not such as will reverse the order.

The order of the court below is affirmed.

*Exceptions overruled.*

This cause was taken by appeal to the supreme court of the United States, and the appeal was dismissed at the December term, 1871.   13 Wall. (U. S.) 188.