51 273<br>91 530

[No. 4987.]
# W. G. WYMAN v. JOHN B. LEMON.

MARK ON BALLOT CAST AT ELECTION.—If the elector uses ink to scratch names from his ballot and by that means the ballot becomes discolored, such discoloration is not a mark upon the ballot which will authorize the judges of election to refuse to count the vote.

IDEM.—Such mark is not a mark on the ballot designed to distinguish it from other ballots, or to impart knowledge of the person who voted it.

APPEAL from the County Court of Solano County.

Wyman and Lemon were candidates for the office of county treasurer of the county of Solano, at the general election in the fall of 1875. The canvass of the returns by the Board of Supervisors gave Wyman one thousand six hundred and thirty votes, and Lemon one thousand six hundred and thirty-three votes. Lemon received the certificate of election and Wyman commenced an action in the County Court contesting the election. Ballots were counted for Lemon upon which the elector had scratched other names with ink, and the ink thus used had discolored the ballot. Wyman objected to these votes being counted, and relied on sections 1206 and 1207 of the Political Code as authority to sustain his objection. These sections provide that when any ballot found in a ballot-box bears upon it, or upon the outside thereof, any impression, device, color, or thing, designed to distinguish such ballot from other ballots, or to impart knowledge of the person who voted such ballot, it shall be rejected. The court confirmed the election of Lemon and Wyman appealed.

*J. McKenna and L. B. Mizner*, for the Appellant, cited *Kirk v. Rhoads* (46 Cal. 398), and argued that the discoloration of the ballot was a matter over which the elector had control.

*George A. Lamont and Wells & Coghlan*, for the Respondent.

We claim that these tickets are obnoxious to no provision of the Political Code, for they contain nothing showing what person or class of persons voted them. (Sec. 1197, Pol. Code.) They bore no impression or mark designed, or that could distinguish them from other legal ballots voted that day. There is nothing from which the Board could infer an intention to designate or impart knowledge of the person who voted either of them. They only bear evidence of the intelligent exercise of the voter in the use of his ballot in a legitimate and proper way.

By the COURT:

The "*impression, device, color or thing,*" which, if borne on the outside of the ballot, must, under the provisions of

the Political Code, cause its rejection, must be "*designed to distinguish such ballot from other legal ballots.*" The discoloration appearing upon the ballots counted for the respondent here is not shown, nor does it appear to have been "*designed,*" but resulted from the use of ink by the elector in scratching his ballot. The use of ink for that purpose is expressly permitted to the elector by the Code, and the discoloration of the ballot, which naturally ensued from its use, cannot be held to have deprived him of his vote.

Judgment affirmed.