PETERS, APPELLANT, *v.* VAWTER ET AL., RESPONDENTS.

MOTION—*Application for order.*—A motion is an application to the court for an order, and, though a written motion may be filed before the expiration of a period in which a motion should be made, it is insufficient, unless also brought to the attention of the court within such period. (*Wallace* v. *Lewis*, 9 Mont. 399, affirmed.)

JUDGMENT—*Execution*—*Issuance after six years.*—The life of a judgment is, by the provision of section 312, construed in connection with sections 41 and 307 of the first division of the Compiled Statutes, limited to six years, and execution cannot issue thereon after the expiration of such period; and the provision of section 349 of the first division of the Compiled Statutes, allowing execution to issue upon leave of the court on motion after five years, applies only to the sixth year, and does not authorize a perpetual revivor.

SAME—*Execution*—*Statutory construction.*—At the time of the enactment of section 349 of the first division of the Compiled Statutes, section 312 of the first division of the Compiled Statutes allowed execution to issue at any time within five years, and while it may be granted that said section 349 was enacted to authorize the perpetual revivor of a judgment, the subsequent amendment of section 312 to read "six years" was such an amendment as required it to be understood in the same sense as if it had read from the beginning as it does as amended.

*Appeal from First Judicial District, Lewis and Clarke County.*

Plaintiff's motion for leave to issue execution was refused by HUNT, J.

Statement of facts, prepared by the judge delivering the opinion.

This is an appeal from a special order made after final judgment, refusing plaintiff leave to issue execution upon a judgment.

The following are the facts: On December 8, 1883, judgment was duly entered against defendants in favor of plaintiff for $1,161.40, and costs, etc. On January 15, 1884, execution was issued, and on August 6, 1884, was returned wholly unsatisfied. On December 2, 1889, an affidavit was filed by plaintiff, showing that the judgment remained unsatisfied, and other facts, as required by section 349 of the Code of Civil Procedure, cited below, and therewith, on the same day, a written motion "for leave to issue execution against the defendants, said motion being based upon the affidavit herewith filed." Nothing further was done until December 16, 1889, when the following was filed:—

"To Cornelius L. Vawter, etc. You, and each of you, will please take notice that ten days after the service of this notice upon you, or as soon thereafter as counsel can be heard, the undersigned, the attorneys for plaintiff in the above-entitled action, will move the court for an order granting plaintiff leave to issue an execution upon the said defendants." Signed by plaintiff's attorneys.

This notice was served on defendant Vawter, December 16th. It is not apparent when this motion was brought to the attention of the court. It was denied March 20, 1890. It does, however, appear from the record, that the court was not moved. The application to the court was not made prior to December 8, 1889, the day upon which six years from the entering of the judgment expired. The motion being denied, plaintiff appeals. (§ 421, Code Civ. Proc.) The question upon the appeal is the construction of the following statutes: Section 410 of the Code of Civil Procedure: "The writ of *scire facias* . . . . is abolished. The remedies obtainable in that form may hereafter be obtained by civil actions." On February 13, 1874, the following section was a portion of the codified laws, Civil Practice Act, section 250: "The party in whose favor judgment is given may, at any time within five years from the entry thereof, issue a writ of execution for its enforcement, as prescribed in this chapter." The above law being upon the statute book, the Act of February 13, 1874, provided as follows: "Sec. 7. After the lapse of five years from the entry of judgment, an execution can only be issued by leave of the court, upon motion, with personal notice to the adverse party, unless he be absent, or non-resident, or cannot be found to make such service, in which case service may be made by publication, or in such other manner as the court may direct. Such leave shall not be given unless it be established by the oath of the party or other satisfactory proof that the judgment, or some part thereof, remains unsatisfied and due; but the leave shall not be necessary when the execution has been issued on the judgment within the five years, and returned unsatisfied, in whole or in part." Section 7, just cited, now appears in the Compiled Statutes, Code of Civil Procedure, as section 349. In the Code of Civil Procedure of 1877, section 301, the section 250 of the

Civil Practice Act, Compiled Statutes, *supra*, was changed so that "five years" read "six years," and in that form it became section 312 of the present Code of Civil Procedure. Therefore, this case has to do with the construction of section 312 of the Code of Civil Procedure as follows: "The party in whose favor the judgment is given may, at any time within six years after the entry thereof, issue a writ of execution for its enforcement as prescribed in this chapter," and section 349 of the Code of Civil Procedure, which is in the words as set forth above as section 7, Act of February 13, 1874. Section 307 of the Code of Civil Procedure provides that a judgment shall be a lien for six years from the day of its docketing. By section 41 of the Code of Civil Procedure (the amendment to that law, 16th Sess. p. 172, being immaterial to this inquiry), an action upon a judgment is barred in six years.

*Toole & Wallace,* for Appellant.

Our statute, under which the proceeding appealed from was instituted, is found in section 349, page 154 of the Montana Compiled Statutes, and this provision of our statute is virtually substituted for the common-law proceeding known as *scire facias*. (Herman on Executions, § 70, p. 58, top; § 79, p. 69, foot; Freeman on Executions, §§ 93–95.) At common law, the original execution must have issued within a year and a day after the rendition of the judgment, and if an execution had not been issued within that period, it could only be done thereafter upon *scire facias*. But *scire facias* could be invoked at any time after the year and a day had elapsed. (Herman on Executions, § 70, pp. 57, 58.) If the original execution, however, issued within the year and the day, and was continued from time to time, it was never necessary thereafter to resort to *scire facias*, but *alias* and *pluries* execution would issue at any time thereafter as a matter of course. (*Payne* v. *Payne*, 8 Mon. B. 391.) So that the doctrine of *scire facias* had no application to second executions, and statutes like our own have been held not to apply to second executions, where the first, or original execution, was regularly issued within the time provided by law. (Freeman on Executions, § 51, n. 3; Herman on Execu-

tions, § 78; *Pierce* v. *Crane*, 4 How. Pr. 257; *McSmith* v. *Van Duzen*, 9 How. Pr. 245; *Kress* v. *Ellis*, 14 How. Pr. 392; *Redman* v. *Wheeler*, 2 Abb. Pr. 117; *Flanagan* v. *Tinen*, 53 Barb. 587; *Strawbridge* v. *Mann*, 17 Ga. 458.) Hence our motion, being for leave to issue a second execution, should have been granted as a matter of course and of right. The only other section of our statute affecting this question is section 312, which provided for the issuance of an execution at the volition of the judgment creditor at any time within these years. Respondent argues that this section is one of limitation, and applies as well to execution issued upon leave as other classes of execution, and that section 349 only has to do with the period between the fifth and sixth years after the rendition of the judgment. This was never the intention of the legislature at the time of the enactment of section 349, and to have given it such a construction at the date of its enactment would have made it meaningless, because section 349 was enacted on the thirteenth day of February, 1874, and at the time of its passage section 312 read five years instead of six years. (See Laws of 1872, § 250; Laws of 1874, § 183.) The change in the time of the unconditional right of execution from five to six years was not made until 1877. And from the chapter of the Act of 1877, in which the change was made, section 349 was wholly omitted. (See Laws of 1877, p. 118, § 301.)

So that in 1874, and at the time of the passage of our revival act, the law authorized the issuance of an execution without condition at any time within five years, and section 349 then assumed to provide how an execution might be obtained upon a judgment for *all time* after five years, upon compliance with its conditions. (Cal. Stats. same; Deering's Code of Civil Procedure, §§ 681, 685; Freeman on Executions, § 27; Rapalje Law Dictionary, p. 696, § 21.)

This left what was then section 312 to deal exclusively with the unconditional issuance of an execution, so that the force of the amendment of 1877 was simply to extend the time within which an execution might unconditionally issue.

Again, it is held that if a revivor of the judgment be had at the expiration of five years under our statute, or by *scire facias* after a year and a day at common law, the effect is to revive

the judgment again for the period of a year and a day, or for the statutory period.    This doctrine could not be maintained if section 312 was construed as the statute of absolute limitation upon all classes of executions. (*Jewett* v. *Hoogland*, 30 Ala. 720.)

To give such a construction to section 312 would be to reduce a judgment to the level of a mere contract, and destroy in it the solemnity and force attendant upon the adjudication between the parties of the question involved.    The general rule is that a judgment lives forever. (Freeman on Executions, § 28, n. 1; Herman on Executions, § 70.)

Here the motion was filed within six years from the entry of the judgment, but notice thereof, not served until a few days after the six years; but the motion was both filed and the notice served within six years from the issuance of the original execution.    It was contended that the notice must be served within six years in order to bring the defendant before the court and give the court jurisdiction to make the order.    This, however, is a proceeding in the original action, and the service of the notice is not jurisdictional, and the power of the court to make the order does not depend upon the service of the notice, for an order issued without notice is voidable and not void, and this upon the ground above stated. (*Woodcock* v. *Bennett*, 1 Cowen, 711; 13 Am. Dec. 568; *Bank of Genesee* v. *Spencer*, 18 N. Y. 150; *Morris* v. *Jones*, 2 Barn. & C. 232; *Mariner* v. *Coon*, 16 Wis. 465, 469; Freeman on Executions, § 29, pp. 61, 62, and n. 1, 63.)    While if the time were to be computed from the day of the issuance of the original execution, this question could not arise, as both the filing of the motion and service of the notice were within the period of six years thereafter. (Herman on Executions, § 70, p. 57.)

Wherefore we submit: *First,* that an original execution having issued in the action within the six years, the force of section 312 is exhausted, and *alias* execution should be permitted as a matter of course; *second,* that section 349 was enacted to authorize a perpetual revivor to give permanency to judgments; *third,* that the filing of the motion and service in this cause were sufficient under the law, and that the cause should be remanded to the District Court, with leave to the plaintiff to enforce his judgment by regular process.

*Shober & Rowe,* for Respondents.

The meaning of no section of our statute can be more clear than that of section 312, page 142, Code of Civil Procedure. It declares that "the party in whose favor judgment is given may, at any time within six years after the entry thereof, issue a writ of execution for its enforcement as prescribed in this chapter."

The meaning of section 349 of the same title and chapter, in relation to the same subject-matter, is equally as clear and obvious. It provides the manner of issuing execution after the lapse of five years from the entry of judgment, which is by leave of court upon motion, with notice to the adverse party, and proof satisfactory to the court that the judgment, or some part thereof, remains due and unsatisfied. That "statutes relating to the same subject-matter must be construed consistently, that all parts may, if possible, stand together," is a well-settled rule of statutory construction.

Construing sections 312 and 349 of the same chapter in relation to the same subject-matter consistently, there can be no misinterpretation of the meaning of the law, and the intent of the legislature at the time it was enacted. It simply means what it says: That a judgment creditor may, at any time within six years from the entry of judgment, have an execution for its enforcement. As a matter of course, at any time within five years from its entry, after the lapse of which time and within six years certain formalities are required, before execution can issue, but after six years no execution can issue.

This construction of sections 312 and 349 is certainly the only consistent one which can be placed upon these two sections.

To place the construction upon section 349 for which counsel for appellant contend, would be to absolutely disregard section 312, or meaninglessly interpret its terms, and surely these two sections being in the same chapter, relating to the same subject-matter, cannot be construed separately, but must be construed together. Section 349 depends upon section 312, the former being one of the provisions especially referred to in section 312, where it says that an execution may be issued by the party in whose favor judgment is given at any time within six years from the entry, as prescribed in this chapter. Section 312 is

one of absolute limitation.  The fact that execution has issued
and has been returned unsatisfied within the time cannot operate
to extend the time within which the judgment may be enforced
by execution, as contended by counsel for appellant.  Section
349 of our Code is almost a verbatim copy of the law of North
Carolina.  (*McDonald* v. *Dickson*, 85 N. C. 248.)  In Cali-
fornia the statute is identical with section 312, except the years
of limitation.  (*Bowers* v. *Crary*, 30 Cal. 622.)  Section 41 of
our Code applies as well to domestic judgment as foreign, as con-
strued by all the courts in States wherein such statute exists.  (See
*McDonald* v. *Dickson, supra; Mason* v. *Cronise*, 20 Cal. 212.)

Our statute also abolishes the writ of *scire facias*, and declares
that the remedies heretofore obtainable in that manner may be
obtained in the form of a civil action.  (See § 410, p. 171,
Code.)  From this we have a right to infer that there is but
one manner in which to revive a judgment in Montana, and
that is by action upon the judgment within the six years after
its rendition or entry.

Counsel for appellant first contend that an original execution
having issued in the action within the six years, that the force
of section 312 was exhausted, and *alias* execution should be
permitted as of course.  This is an erroneous position.

"The issuing and levy of an execution before the lien of the
judgment upon which the execution issues expires, will not
operate to prolong the lien of judgment beyond the time limited
in section 204 of the Code."  (§ 307, in Montana.  See *Isaac* v.
*Swift*, 10 Cal. 71, and cases cited; also, *McDonald* v. *Dickson*,
*supra*; 1 Freeman on Executions, § 205, and cases cited.)  The
application for the order was not made until the twenty-sixth
day of December, a period of eighteen days after the judgment
lien had expired, a period of eighteen days after a new action
could have been based upon the judgment, a period of eighteen
days after the judgment had ceased to have vitality for any
purpose whatever.  (See Transcript, p. 8.)

A motion is an application for a rule or order made *viva voce*
to a court or judge; making out and filing a written application
is not sufficient.  The attention of the court must be called to
it, and the court moved to grant it.  (*People* v. *Ah Sam*, 41
Cal. 645.)

Counsel for appellant secondly contend that section 349 was enacted to authorize a perpetual revivor to give permanency to judgments. This would indeed be a strained and strange construction to give the law. To say that after the lapse of six years from the entry of judgment it could not be revived by the solemn form of an action (§ 41, p. 68, Code), still upon mere peremptory proof that some portion of the judgment remained due and unsatisfied, in a summary proceeding, execution could issue against the property of the defendant, is an anomaly that does not exist; it is not the law.

Both the time within which an execution could issue and within which the judgment could be revived had elapsed in the case at bar, at the time application was made in the District Court for execution, and it was beyond the power of the court to give any efficiency to an execution from the judgment. (1 Freeman on Executions, § 205, and cases cited; *Stout* v. *Macy,* 22 Cal. 647; *Bowers* v. *Crary,* 30 Cal. 622; *McDonald* v. *Dickson,* 85 N. C. 248, above cited; *Mason* v. *Cronise,* 20 Cal. 211, question discussed.)

DE WITT, J.—The recent decision of this court in *Wallace* v. *Lewis,* 9 Mont. 399, restricts the inquiry herein to narrow limits. That case holds that a motion is an application to the court for an order; that the court must be moved to grant the order, and when so moved, the proceeding is a motion. In this view, no motion was made for leave to issue execution, in the case at bar, until after December 8, 1889, which was after the expiration of six years from the entering of the judgment, and after the expiration of the period respectively limited in sections 41, 307, and 312 of the Code of Civil Procedure.

We are, therefore, left only the inquiry, whether the court may grant leave to issue execution after the expiration of the period within which section 312 seems to limit its issuance, and, incidentally, after an action upon the judgment is barred (§ 41, Code Civ. Proc.), and after the lien of the judgment is lost. (§ 307, Code Civ. Proc.) These two latter sections we mention only as statutory suggestions, *in pari materia,* as to the length of life of a judgment. In other words, are these laws an absolute limitation of the life of a judgment, as is contended

by the respondent, and held by the District Court? or is the appellant's position correct, that not only may execution issue as of course within five years, and by motion in the sixth year, but also, upon motion, under section 349, at any time after six years? If appellant's construction of the statutes be correct, then a judgment becoming dormant at the end of the fifth year may, after that time, and also for all time in the future, be vitalized sufficiently to support an execution by motion; that is to say, that even after six years the judgment only sleeps, but lives forever.

Appellant's position is based upon the ancient doctrine of *scire facias* to revive a judgment. But that writ is abolished. The remedy formerly obtained thereby is now provided by the statutes heretofore cited, and the rights of the judgment creditor must be ascertained by a construction of these statutes, rather than by the authority or reason of the cases decided under the practice of *scire facias*. Appellant calls our attention to the fact that when section 349 was enacted, on February 13, 1874, the limitation of section 312 was five years, and that section 349 was meaningless at the date of its enactment, unless it intended that execution might be obtained by motion even after the expiration of its life, as limited by section 312, which was then five years. Then he argues that such intent being granted, that when section 312 was made to read "six years," in 1877, the original intent of section 349, to the effect that execution might be obtained by motion after the expiration of the apparent five years' life of the judgment, should also be applied to the effect that execution might be obtained after the expiration of this newly created six years' life. For the purposes of this decision, we may grant that appellant's construction of section 349 correctly sets forth the intent of the act when passed in 1874. (See *Mason* v. *Cronise*, 20 Cal. 211.) But a later act, section 312, as amended in 1877, must operate upon the construction of section 349 of 1874.

Chief Justice Cooley, in *Parsons* v. *Circuit Judge*, 37 Mich. 287, says that it is true, as a rule of construction, that "a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does as amended." Of course there are apparent exceptions to this rule, which, however, are not here of interest. Apply this rule to section 312,

as amended in 1877, to read six years instead of five. Then to section 312 apply section 349, and there is no reason to hold that the two sections, *in pari materia*, do not mean just what they say, viz., that execution may issue at any time within six years in the manner prescribed by law, that is to say, within five years, of course, and in the sixth year upon motion, and not otherwise, or at a later period. Again, in 1877, when the legislature enacted section 312 as it now stands, they had before them on the statute book the provisions of section 349, allowing execution upon motion after five years, and they deliberately, by section 312, limited all executions to six years. The legislature had the power to do this. They did it in the light of section 349, and we cannot doubt that they intended what their words declare.

We are of opinion that the judgment in the case before us was dormant from December 8, 1888, until December 8, 1889, and that on December 8, 1889, it died in its sleep, without experiencing the vivifying treatment of a motion for execution or an action at law. (See 1 Freeman on Executions, § 27 *a*, citing *George* v. *Middough*, 62 Mo. 549; *Lyon* v. *Russ*, 84 N. C. 588; *Jerome* v. *Williams*, 13 Mich. 521; *McDonald* v. *Dickson*, 85 N. C. 248; *McGrew* v. *Reasons*, 3 Lea, 485; *Cannon* v. *Laman*, 7 Lea, 513.) The New York authorities cited in the text of that author are not in point by reason of the difference in the statutes. (See, also, *Bowers* v. *Crary*, 30 Cal. 622; *Mason* v. *Cronise*, 20 Cal. 211; *Stout* v. *Macy*, 22 Cal. 647.)

The judgment of the District Court is affirmed.

BLAKE, C. J., and DE WITT, J., concur.