## H. L. HAUPT, ET AL., APPELLANTS, *v.* WILLIAM BURTON, ET AL., RESPONDENTS.

[Submitted Oct. 31, 1898. Decided Nov. 29, 1898.]

*Judgments—Assignment— Revival — Limitations — Jurisdiction—Parties.*

1. Under Code of Civil Procedure (Compiled Statutes of 1887) Section 1, providing that there shall be but one form of civil action for the enforcement of private rights, a judgment may be revived by a civil action; and this, though section 349 also authorizes an execution to issue after five years from the judgment, by leave of court.
2. A judgment for possession of land may be revived the same as a judgment in a personal action, and the judgment as revived should be that plaintiff have execution, and be given possession as against defendants and their successors.
3. Compiled Statutes of 1887, Div. 1, Section 41, providing that an action on a judgment of any court of the United States or any state therein shall be commenced within six years, applies to judgments rendered by the courts of Montana.
4. Under Code of Civil Procedure (Compiled Statutes of 1887), Section 66, providing that civil actions are commenced by filing a complaint, a complaint to revive a judgment filed within six years confers jurisdiction, though the summons is not served within that time, notwithstanding, by section 80, the court is deemed to have jurisdiction in a civil action from the service of summons.
5. The assignee of a judgment may sue to revive it, under the law requiring suits to be brought in the name of the real party in interest.

*Appeal from District Court, Silver Bow County.*

ACTION by H. L. Haupt and others against William Burton and others to revive a judgment. There was a judgment for defendants, and plaintiffs appeal. Reversed.

*Wm. Scallon* and *F. T. McBride*, for Appellants.

*Ella Knowles Haskell* and *E. B. Howell*, for Respondents.

HUNT, J.—On March 20, 1886, Michael Hickey, George W. Stapleton and J. C. Robinson obtained a judgment in the district court of Silver Bow county against the respondents, for the possession of a certain piece of ground. Execution was not issued until March 19, 1892. The sheriff did not oust the defendants under the execution, and they remained in possession. On the same day, March 19, 1892, H. L. Haupt and George H. Casey, having succeeded to the interests of Hickey and Stapleton in said judgment, commenced this action to revive the said judgment. On September 8, 1896, they thereafter filed their amended complaint. The original complaint set up the judgment and the fact that it had not been satisfied, and that defendants still remained in possession. The prayer was for judgment for the possession of the ground. The amended complaint more elaborately set up the judgment, and the issuance and return of the execution, and prayed that the judgment might be revived, and that execution issue thereon. Defendant Burton answered separately, denying the title in Haupt and Casey to the interest of Hickey and Stapleton in the judgment, and pleading the statute of limitations. The replication denied the material averments of the answer. The other defendants likewise answered, pleading the statute of limitations and other matter. This was replied to by a denial of the affirmative allegations of the answer.

Upon the trial of the case, the defendants objected to testimony being introduced by plaintiffs, for lack of jurisdiction in the court, because the complaint did not state facts sufficient to constitute a cause of action, and because it appeared on the face of the complaint and pleadings that the cause of action was barred. The court sustained the defendants' objections, and ordered judgment against plaintiffs and in favor of defendants. The plaintiffs appeal.

We regard this proceeding as an action to revive a judgment. We say "an action" to revive, because, under the Compiled Statutes of 1887, which obtain herein, there was a remedy by action; and even under the common law, although *scire facias* was a judicial writ, yet, because the defendant

might thereupon plead, *scire facias* was accounted in law to be "in the nature of an action." Coke's Institutes, \*page 524. By Section 410, page 171, Compiled Statutes of 1887, the writ of *scire facias* was abolished in the following provision: "The writ of *scire facias*, the writ of *quo warranto*, and proceedings by information in the nature of *quo warranto*, are abolished. The remedies obtainable in these forms may hereafter be obtained by civil actions under the provisions of this chapter." The language "this chapter" may confine the abolition of the writ itself to those instances where it could have issued in public matters brought within the scope of the particular chapter of which section 410 is but a part. However, there being no provision, in the chapter referred to, specially pertinent to *scire facias* to revive a judgment, possibly the legislature did not intend, in the language used, to abolish the writ, except where it could have been used as affecting public remedies; but, if this is so, the effect would be to leave the right to revive a judgment by writ of *scire facias* wholly unaffected by section 410; so we must look at other provisions of the Compiled Statutes. We note in passing that that clause of our statute just quoted (section 410) is identical with section 424 of the South Carolina Code of Civil Procedure. The "chapter" referred to in the South Carolina Code (chapter 2, Rev. St. S. C. 1893), like the "chapter" of the Compiled Statutes of Montana, had to do particularly with actions for the usurpation of office and other public cases. In *Lawton* v. *Perry*, 40 S. C. 255, 18 S. E. 861, doubt was expressed as to the true signification of the words "this chapter," the court hesitating to apply them to the whole Code of Civil Procedure, although it was decided upon other grounds that the writ of *scire facias* was altogether abolished in that state. It is not material here, though, whether said section 410 does affect the ancient writ, inasmuch as its form was abolished by the adoption of other sections of the Montana Code, though, we think, the remedies obtainable by the writ may still be enforced by civil action. (*U. S.* v. *Ensign*, 2 Mont. 396; *Lawton* v. *Perry*, *supra*.)

Section 1, Code of Civil Procedure (Compiled Statutes of

1887), provides "that there shall be in this territory [state] but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which shall be the same at law and in equity." Civil actions in the courts are commenced by filing a complaint. (Section 66 *Id.*) It is doubtless true, the revival of the judgment described in plaintiff's complaint might have been effectually accomplished by motion for leave to issue execution, under Section 349 of the Code of Civil Procedure, which authorizes an execution to issue after a lapse of five years from the entry of judgment after obtaining leave of the court upon motion with notice to the adverse party. This procedure was considered in *Peters* v. *Vawter*, 10 Mont. 201, 25 Pac. 438. But the mode of enforcing a judgment by issuing execution under section 349, *supra*, is a cumulative remedy, in no way affecting the right to revive the judgment by suit for that purpose. (*Rowe* v. *Blake*, 99 Cal. 167, 33 Pac. 864.) The right of revivor by suit is recognized in *United States* v. *Ensign*, cited, while the right of revivor by motion is sustained in *Peters* v. *Vawter*, *supra*. In the leading case of *Carter et al.* v. *Coleman et al.*, 12 Iredell (N. C.) 274, it was decided that, where there was a dormant judgment, plaintiff might have a *scire facias* to revive, and an action to recover the amount of the judgment, both pending at the same time; and that a judgment on the *scire facias* could not be pleaded in bar of the action of debt. And in *McDonald* v. *Dickson*, 85 N. C. 248, upon a case where motion for leave to issue execution had been granted, it was held execution might be had on a judgment, and at the same time action on it could be prosecuted by leave of court. (Freeman on Judgments, Sec. 440; *Garibaldi* v. *Carroll*, 33 Ark. 568; Am. and Eng. Ency. Pl. and Prac. p. 1088.)

Either proceeding—that by motion, or that by filing of a complaint where revivor is the remedy sought—has for its object a means to secure to the judgment creditor the fruition of his judgment. In either case the court's power and jurisdiction are complete. Neither is an independent new action; and

although where, as in the case before us, a complaint is filed setting up the original judgment obtained, the form is necessarily by a separate action, still, no matter what the form may be and what the practice, after all it is but the continuation of the old action, and but a means to revive an antecedent judgment, that might otherwise have become valueless or inoperative so far as the right to issue execution goes.   The defenses to the action are limited.   The jurisdiction may be assailed, or the existence of the record attacked, or payment or accord or discharge and satisfaction may be set up; but in no case can matters be determined which were settled in the original suit.   (*Smith* v. *Stevens*, 133 Ill. 183, 24 N. E. 511; Freeman on Judgments, Sec. 443.)

The life of a judgment under Section 41 of the Code of Civil Procedure (Compiled Statutes of 1887) was six years. It was accordingly necessary for plaintiffs to bring their suit within that time after date of the judgment sought to be revived.   This they did, and, by so doing, have acquired a standing in court.   The original complaint was not wholly defective.   It set up the judgment, and while, perhaps, it was defectively stated, there was a cause of action pleaded.   The amended complaint is perfectly good.

The fact that plaintiffs seek to revive a judgment in a real action cannot affect the principle of the right of revivor.   Why should not the same rule prevail in real as does in personal actions?  The original judgment was for possession of land, and the judgment here should be that plaintiffs have execution, and be given possession, as against defendants and their successors. (Freeman on Judgments, Sec. 443; 21 Am. and Eng. Ency. Law, p. 855; *Kennebec Purchase* v. *Davis*, 1 Me. 309.)

It is argued that Section 41, First Div. Compiled Statutes of 1887, which provides that an action upon a judgment of ''any court of the United States, or of any state or territory within the United States, shall be commenced within six years,'' is inapplicable to judgments rendered by the courts of this state; and we are cited to *Pitzer* v. *Russell*, 4 Or. 129, and *Burns* v. *Conner*, 1 Wash. 6, 23 Pac. 836, which hold

that way.   The great weight of authority is against those de-
cisions, and we believe that, in the absence of any exception
from the statute of actions upon judgments of the courts of
this state, they are within the letter of the code.   It has been
so decided by the following cases:   *Hummer* v. *Lamphear*
(Kan. Sup.) 4 Pac. 865, approved in *Schuyler Co. Bank* v.
*Bradbury* (Kan.) 43 Pac. 254; *McDonald* v. *Dickson* (N. C.),
*supra*; *Mason* v. *Cronise*, 20 Cal. 217; *Rowe* v. *Blake, supra*.

It is said that the jurisdiction of the court expired on the
20th day of March, 1892.   This argument proceeds upon the
ground that, a lien of a judgment being for six years under
Section 307, p. 139, Compiled Statutes of 1887, execution
cannot issue after six years, and upon the further ground that
by section 80, p. 79, *Id.*, from the time of the service of a
summons in a civil action the court is deemed to have juris-
diction; whereas here the summons was not served until May
21st, two months after six years had expired.   This argument
is refuted by repeating that, when plaintiffs filed their com-
plaint within the six years after the date of judgment, they
commenced their action under Section 66 of the Code of Civil
Procedure, and the omission to serve the summons within the
aforementioned six years does not deprive the court of juris-
diction, or the plaintiffs of their right to sue upon the judg-
ment within the time prescribed.   (*Trenouth* v. *Farrington*,
54 Cal. 273; *Crim* v. *Kensing* (Cal.) 26 Pac. 1074.)

In statutory proceedings to have execution issued upon mo-
tion, under section 349, heretofore cited, different rules may
obtain, but we need not consider them here, as plaintiffs have
proceeded by the form of another action.

Nor is there any attempt by this action to modify the judg-
ment or the record upon which it is based. The original judg-
ment was obtained by Michael Hickey, G. W. Stapleton and
J. C. Robinson.   Revivor is sought in the name of H. L.
Haupt and George H. Casey, the purchaser of the interest of
J. C. Robinson, deceased.   It also appears by the complaint
of record that Haupt and Casey succeeded to the interests of
Hickey and Stapleton through conveyances in due form.   As

the real parties in interest, therefore, we hold plaintiffs herein had a right to institute this action. Where the judgment has passed by assignment to a third person, the determination of the proper parties plaintiff in a suit to revive depends upon the statutes of the particular jurisdiction. (Black on Judgments, Sec. 488.) In Montana, the law requiring all suits to be brought in the name of the real party in interest, a remedy by proceedings in *scire facias* should be sued out in the name of the assignees. (See *McGregor* v. *Wells, Fargo & Co.*, 1 Mont. 142.)

Nothing in *Boyd* v. *Platner*, 5 Mont. 226, 2 Pac. 346, conflicts with this opinion, for that case only decided that parties not shown to be interested in the judgment sought to be revived cannot obtain the benefits of revivor. The showing here is that plaintiffs in this action have an interest entitling them to the relief sought. It follows that the district court erred in sustaining defendants' motion for a nonsuit, and awarding judgment to defendants. Judgment reversed, and cause remanded for further proceedings. Remittitur forthwith.

*Reversed and remanded.*

PIGOTT, J., concurs. PEMBERTON, C. J., disqualified.