## LAWTON v. PERRY.

1. JUDGMENTS, RENEWALS OF, AND ACTIONS ON—PAYMENT.—Action may be brought against the heirs of a deceased judgment debtor either to revive the judgment or else upon the judgment as a cause of action, making the personal representative of the deceased a party, if the action be on the equity side of the court, And such action having been brought in this case in 1889 on a judgment entered in 1871 without lien, as the cause of action, the facts were *held* not sufficient to raise a presumption of payment, and that as matters of law plaintiffs might sue on their judgment, without first reviving it, and were entitled to rank as creditors of deceased, but not as judgment creditors.

2. DECREE OF FORECLOSURE—JUDGMENT FOR DEFICIENCY—CASES CRITICISED. A decree of foreclosure ascertained the amount due, and directed a sale of the mortgaged premises, that the sheriff make report of his sale, specifying the amount of the deficiency, that the defendant pay the same to plaintiff, and that plaintiff have execution therefor. *Held*, that judgment entered for such deficiency without further order of the court, was not a legal judgment. Parr *v.* Lindler, *ante*, 193, and Cook *v.* Jennings, *ante*, 204, affirmed.

3. ACTIONS—FRAUD.—Proceedings taken for the purpose of renewing a judgment held by the children of a deceased debtor so as to defeat the advantage sought to be obtained by another creditor, were not a fraud upon the rights of such other creditor.

4. JUDGMENT ON JUDGMENT—LIEN.—In 1867, a judgment was obtained which, under the then existing law, had a lien on the debtor's property until paid. In 1871, a payment was made by the debtor on this judgment, and afterwards the debtor died. After his death, the owner of this judgment commenced action thereon as a cause of action by summons and complaint (and not by proceeding to revive, as he might have done), and obtained a new judgment in 1889. Under action commenced by another creditor in 1889 against the representatives of the deceased debtor, *held*, that the old judgment of 1867, acknowledged by the payment in 1871 (and, therefore, not to be presumed paid until 1891), was not so merged in the judgment of 1889 as to deprive the latter judgment of its original lien of 1867 on all the property of the then living judgment debtor. MR. CHIEF JUSTICE MC-IVER, *dissenting*.

Before IZLAR, J., Berkeley, October, 1890.

Action by R. Rivers Lawton, as administrator of James M. Lawton, deceased, against the heirs and administrator of

Josiah I. Perry, deceased, John Heins, J. Lamb Perry, trustee, and Robert Black, sheriff, commenced September 7, 1889. The defendant, John Heins, obtained a decree of foreclosure in 1872, against Josiah I. Perry, in which it was adjudged that defendant owed plaintiff the sum of $965.22, and a sale of the mortgaged premises was ordered, and further, "that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff, with the interests and costs as aforesaid, the said sheriff specify the amount of such deficiency in the report of sale, and that the defendant, Josiah I. Perry, do pay the same to the plaintiff, with interest from date of said report. And that plaintiff have execution therefor." It is not stated whether there was any sale under this decree, but the amount of this debt, $965.22, was entered on the abstract of judgments in 1872, and on July 1, 1873, an execution was issued for $665.22 and costs. The cause was argued on appeal May 17, 1892. The following order was passed January 25, 1893 : "That the above stated case be set down for reargument at the next term of this court, during the time assigned for the call of cases from the First Circuit, upon all the questions raised in the case, except the question as to the payment of the Lawton judgment, and the question as to fraud in the judgment obtained by J. Lamb Perry, as trustee, against the administrator of J. I. Perry, as to which excepted questions this court concurs in the conclusions reached by the Circuit Judge." The appeal was again argued April 24, 1893.

*Mr. W. St. J. Jervey,* for plaintiff.

*Messrs. Mitchell & Smith* and *J. Lamb Perry,* for the heirs and administrator of J. I. Perry, and for Perry, trustee.

*Messrs. Mordecai & Gadsden,* for Heins.

December 11, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. This action came on for trial before his honor, Judge Izlar, being heard upon the pleadings and the testimony taken before Master Leland. The decree having been filed, appeals were taken therefrom by all the parties to the

action except Robert Black, as sheriff. We do not know that we can present the matters of fact and matters of law herein involved in any juster manner than by reproducing in its entirety the decree of the Circuit Judge:

"This case was heard before me at the recent term of the Court of Common Pleas for the County of Berkeley aforesaid. The action is brought to establish a judgment against the estate of one J. I. Perry, deceased, and to subject real estate descended and in the possession of the heirs of said deceased to the payment of the debts of the ancestor, and to set aside a certain judgment obtained by the defendant, J. Lamb Perry, trustee, against Henry P. Foster, as administrator of the estate of said J. I. Perry, deceased, on the ground of fraud and collusion in obtaining the same, and for injunction and general relief, the defendant's answer denying all fraud and collusion, and claiming that the judgment of the plaintiff, both under the statute affecting it and the circumstances surrounding it, is presumptively paid, and that the complaint should be dismissed. The case was referred to the master of Berkeley County, to take the testimony and report the same to the court. The testimony reported so far, as deemed admissible by me, establishes the following facts:

"On June 1st, 1867, Thos. P. Lockwood, trustee, obtained a judgment by confession in the Court of Common Pleas for Colleton County against J. I. Perry for the sum of $1,935.75, which was duly entered, execution was issued on this judgment December 22, 1868, and levy made on certain real estate of the defendant. On April 3, 1871, James M. Lawton obtained a judgment in the Court of Common Pleas for Charleston County against the said J. I. Perry for the sum of $1,026.60. A transcript of this judgment was duly filed in the County of Colleton on the 5th day of April, 1871. No execution was ever issued on this judgment, neither was said judgment ever made a lien upon the property of the judgment debtor by levy or otherwise. In April, 1871, an execution was issued on the judgment of Lockwood, trustee, and levy made thereafter upon certain real estate of said J. I. Perry, situate in the County of Colleton. On August 7th, 1871, Lockwood, trustee, entered a receipt on

17—40

the sheriff's execution book for $100 on account of said judgment. On June 18th, 1872, the defendant, Jno. Heins, commenced an action against said J. I. Perry for foreclosure and sale of his interest in a tract of land situate in Colleton County, containing 617 acres. Decree of foreclosure and sale made October 27th, 1872; amount of mortgage debt $965.21. To this action Thos. P. Lockwood, trustee, was a party. Under this decree the mortgaged premises were sold; there was, after applying proceeds of sale, a deficiency of $665.22. For this deficiency execution was issued and lodged with sheriff of Colleton County, July 1st, 1874. No further steps appear to have been taken for the enforcement of this judgment.

"Thos. P. Lockwood died intestate in 1875; James M. Lawton died intestate in 1877. R. Rivers Lawton, the present plaintiff, administered upon the estate of James M. Lawton, deceased, September 29th, 1877. J. I. Perry died intestate June 15th, 1880, leaving surviving him his widow and several children. The widow died February 26th, 1886. Present action commenced September 2d, 1889, and *lis pendenis* filed in Berkeley and Colleton Counties. J. Lamb Perry appointed trustee in place of Lockwood, deceased, September 11th, 1889. Henry P. Foster appointed administrator of estate of J. I. Perry September 24th, 1889. J. Lamb Perry, trustee, commenced action against Henry P. Foster, administrator of estate of J. I. Perry, on the judgment of Lockwood, trustee, *v.* Perry, in the Court of Common Pleas for Berkeley County, September 24, 1889. Judgment by default rendered against Henry P. Foster, administrator, for $4,960.97, October 22d, 1889, which after entry was transcripted to Colleton County, and execution issued thereon. Under this execution a levy was made by the sheriff of Colleton County on certain of the real estate mentioned and described in the complaint herein. The sale under this levy was restrained by order made in the present action, after hearing, November 30th, 1889.

"Both James M. Lawton and J. I. Perry lived in Summerville for several years before their deaths. James M. Lawton was for some years before his death in reduced circumstances. J. I. Perry owned and possessed the real estate described in the

complaint at the time of his death; his heirs are now in possession of the same. R. Rivers Lawton, present plaintiff, knew of the existence of the judgment of his father against J. I. Perry when obtained, and at the time of the death of his father, but did not think estate of Perry sufficiently valuable to compensate for the costs of an action. J. I. Perry left no personal property excepting some household goods. No administration was taken out on his estate until 1889. Income from all the real estate of J. I. Perry received by his heirs insufficient to pay taxes on the same.

"Let us first consider the judgment of the plaintiff in the light of the testimony and of the law applicable thereto. It is contended that this judgment is presumptively paid, notwithstanding twenty years have not elapsed since the original entry thereof, and consequently the plaintiff herein has no right of action, and that the complaint should be dismissed. We cannot concur in this view. The judgment is not presumed to be paid under the statute affecting it, neither do the facts and circumstances proven warrant the court in presuming it paid, when all the testimony is considered. Even after a judgment is presumptively paid, an action may be maintained upon it, and the presumption of payment be rebutted by proof, and a recovery had thereon. Code, § 310. The language of the Code is as follows: 'Nothing herein shall be construed to prevent an action upon a judgment after the lapse of twenty years from the date of the original entry thereof and a recovery thereon, in case it shall be established by competent and sufficient evidence that said judgment or some part thereof remains unsatisfied and due.'

"This language applies generally to all judgments, no matter when recovered, and not to a particular class of judgments. It would be absurd to confine this provision to judgments obtained after 1873 alone. Under the latter construction we would have the following result, namely: that judgments obtained after 1873 could be sued upon after twenty years, and a recovery had thereon, while judgments obtained between 1st March, 1870, and 25th November, 1873, could not be sued upon, even if the period of twenty years had not elapsed from the date of original entry thereof, and were at most only presumptively

paid.   The presumption of payment in the former case is much stronger than in the latter, if length of time alone is considered, and the language of the statutes relating to one class of judgments is certainly no more imperative than that relating to the other class.

"The present action, as we have already said, is to establish the old judgment debt of James M. Lawton *vs.* J. I. Perry, and to subject real estate descended and in possession of the heirs of the judgment debtor to the payment of the debts of their ancestor.   The rule that a judgment creditor can only demand the aid of a Court of Equity after he has exhausted his legal remedy without satisfying his debt, is only applicable *inter vivos.*   And as was said in *Ragsdale* v. *Holmes,* 1 S. C., 91, for 'the reason that the estate of the living debtor does not become assets for the payment of his debts until the exhaustion of the legal remedies is complete.   The estate of a deceased debtor, or so much thereof as may be requisite for the payment of his debts, becomes assets from his decease.'   The primary mode of making them available is by action at law, and recourse cannot be had to a creditor's bill where there is an adequate legal remedy; but when there is a devastavit, or threatened waste and insolvency, unquestioned ground exists for the interference of equity.   The facts proven in this case clearly show that the personal assets of the estate of J. I. Perry, deceased, are wholly insufficient to pay and satisfy all of his just debts and liabilities, and that resort to the real assets must be had for that purpose; that there is a threatened waste of said assets, and other good grounds for equitable interference.

"The rule of law is well settled in this State, that so long as lands remain in the hands of the heir, they are liable to be seized in execution, under a judgment recovered against the heir for the debt of the ancestor, while if the lands are not in the exclusive actual possession of heirs entitled to them, they would be liable to execution on a judgment recovered against the executor or administrator.   Now it will be remembered that the judgment sought to be established in the present action against the heirs was recovered against the ancestor in his lifetime, but was never at any time made a lien upon any of the

property of the judgment debtor by levy or otherwise.    In establishing this claim held against the ancestor against the heirs, the old judgment of James M. Lawton v. J. I. Perry is made the foundation of the action.    The judgment must, therefore, necessarily be a new judgment, taking lien from its date.    The same result would follow, so far as the lien is concerned, if the present action was treated as an action to show cause why the old judgment should not be revived, and execution issued to enforce the same; otherwise a judgment which never had a lien would be given a lien prior to subsequent judgment having lien from their entry, a proposition not sustained by reason or authority.    The proof is clear that the judgment of James M. Lawton v. J. I. Perry was duly obtained in the Court of Common Pleas for Charleston County, and duly transcripted to Colleton County; and the proof satisfies me that no part of said judgment has been paid.    The mere fact that this judgment was never made a lien upon the property of the judgment debtor by levy or otherwise, did not destroy the judgment debt or invalidate the claim.

"We will next consider the judgment of J. Lamb Perry, trustee, v. Henry P. Foster, administrator.    The plaintiff herein contends that the judgment is fraudulent and void, having been obtained by collusion of the parties, and should be set aside; and further, if allowed to stand, the action in said case being an action of debt upon the former judgment of Lockwood, trustee, v. Perry, and not an action in the nature of a writ of *scire facias* to revive the former judgment, the former judgment was merged in the latter, and the lien of the former lost.    The defendants, on the other hand, contended that the writ of *scire facias* was abolished by the Code, and that there was no remedy by which the judgment of Lockwood, trustee, v. Perry, could be revived save by action under the Code of Procedure; that the action of Perry, trustee, v. Foster, administrator, was in the nature of a writ of *scire facias*, and that the former judgment was not merged in the latter, or its original lien lost; and that there was no fraud or collusion in obtaining the latter judgment.

"Before discussing the question of merger, it would be as

well to dispose at once of the question of fraud and collusion.
While the testimony does show a concert of action between the
counsel representing certain of the defendants in regard to the
proceedings for the appointment of a trustee in the place of
Lockwood and of an administrator of the estate of J. I. Perry,
deceased, and an apparent haste in instituting the suit against
Foster, administrator, we see nothing in so much of the testi-
mony as we deem competent upon this issue, that would war-
rant us in finding said judgment fraudulent and void.

"In considering the question of merger, it becomes necessary
first to determine what remedy, if any, has a judgment creditor
now to revive a judgment obtained before the first of March,
1870. The defendants contend that the writ of *scire facias* was
abolished by the Code, sec. 424, and that summons to show
cause is only applicable to judgments obtained since the Code.
This, so far as we know, is a new question. The language of
section 424 is : 'The writ of *scire facias*, the writ of *quo warranto*,
* * * are abolished, and the remedies heretofore obtainable
in those forms may be obtained by civil actions under the pro-
visions of this chapter.' It will be noted that the language is:
'this chapter,' not this Code of Procedure. A careful reading
of the chapter must satisfy any one that there is no provision
of the chapter applicable to a *scire facias* to revive a judgment.
It may be, therefore, that the legislature did not have in con-
templation the writ of *scire facias* to revive a judgment, but only
writs of *scire facias* as relating to such public matters as are
provided for in said chapter. If this be so, then the right to
revive a judgment by writ of *scire facias* was not affected by
section 424.

"Again, it has been held by our own Supreme Court that a
judgment obtained prior to the Code may be revived under
process to renew execution. *Patterson* v. *Baxley*, 33 S. C., 354;
*Leitner* v. *Metz*, 32 S. C., 383. In these cases the process used
was a summons to show cause why the exception should not be
renewed. It is true, the question now raised was not raised in
those cases. There can be no doubt but that, under the Code,
the execution upon a judgment obtained before 1870 may be
renewed by summons to show cause. If this be so, and the

renewal of such execution necessarily revives the judgment, what is there to prevent the revival of the judgment directly by such process? It will not be contended, we think, that that which can be done indirectly by summons to show cause, cannot be done directly by the same process.

"But while it may be doubted whether J. Lamb Perry, trustee, could have revived the Lockwood judgment, either by a writ of *scire facias*, as it heretofore existed, or by a summons to show cause under the Code, we are satisfied that said defendant had a complete remedy to revive his judgment, namely, by action under the Code of Procedure. By section 89 of the Code, it is declared that there shall be in this State but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated 'a civil action.' By section 449, it is declared that 'all rights of action given or secured by existing laws may be prosecuted in the manner provided by this Code of Procedure.' Now, if the writ of *scire facias* was abolished by the Code of Procedure, both as a public and private remedy (and we are of this opinion), it only remains to show that a writ of *scire facias*, as it heretofore existed, was an *action* to bring it in the remedies given in the Code of Procedure.

"That *scire facias*, as it heretofore existed, was an *action*, is sustained by Tidd, 982; Co. Lit., 2906. Judge Buller, in *Winter* v. *Kretchman*, 2 T. R., 46, says: 'It has been held in a variety of cases that a *scire facias* is an action.' A writ of *scire facias* could be pleaded to the same as another action, and release of all actions was held to be a bar to the writ. It is not a new action, however, but a continuation of the old one; and the judgment rendered is not a new one for the debt and damages, but an order that execution issue to enforce the former judgment. The definition of an action given in section 2 of the Code is certainly broad enough to include the proceeding by *scire facias* to revive a judgment and to have execution thereon. It is, without doubt, a proceeding in a court of justice for the enforcement of a right. If the judgment is dormant, it is surely the right of the judgment creditor to have it revived; and if unsatisfied, though not dormant, it is equally his right to have

satisfaction thereof by execution. A *scire facias* to revive a judgment and have execution thereon, being regarded as an action, sections 89 and 449 are applicable to the case, without resort to the saving clause in the last section. Allowing the remedy to be had by action, which before the Code could only be obtained by *scire facias*, is merely giving to section 449 a construction in accordance with the obvious import of said section. The party seeking to enforce his right by action under the Code should allege in his complaint substantially the same facts which were formerly required to be stated in the writ of *scire facias*, and the relief demanded should also be the same. 5 Wait Prac., 637.

"Such proceeding is not an action on the judgment. An action on a judgment is an action to recover the amount due on the judgment, as any other money demand would be recovered, the judgment being used only as a cause of action, and as evidence of the amount of the debt. Such action is, in no sense, a continuation of the former suit, but a new action, while *scire facias* was a remedy given to avoid the necessity of an action of debt upon the judgment. As was said by Justice McGowan in *Ex parte Witte Bros.*, 32 S. C., 228 : 'We have always supposed that a *scire facias* on judgment must pursue the terms of the judgment ; that it is a continuance of the action, and must conform to the record ; that the authority to issue an execution on a judgment is derived from the original judgment, which, revived, continues its vitality with other lien and other incidents from the time of its rendition.' Where an action in the nature of a writ of *scire facias* is the remedy resorted to, it is but a continuation of the former suit, and the first judgment is not merged in the revived judgment, and its former lien is preserved. But it is otherwise where the action is that of debt on a judgment, or, in other words, where the former judgment is made the cause of action of the latter. In such case the former judgment is merged in the new judgment, and being thus extinguished, its lien is lost. 'A new judgment recovered on an old one merges it, and lets in all subsequent rights. 7 Wait Ac. & Def., 323, 324.' In *Garvin* v. *Garvin*, 27 S. C., 477, Mr. Justice McGowan, speaking for the court, says : 'A judgment

is extinguished when, being used as a cause for action, it grows into another judgment. Freeman Jud. Sales, 216. So the Fox judgment would be merged in that of Garvin v. Garvin, if the former was the cause of action of the latter.' See, also, Freem. Judg., §§ 215-224.

"We come now to consider what remedy the defendant, Perry, trustee, pursued in regard to the Lockwood judgment. Was it an action in the nature of a writ of *scire facias*, or an action of debt on said judgment? To ascertain, reference must be had to the complaint in the case of Perry, trustee, v. Foster, administrator. It must appear from this complaint that the facts alleged are not substantially those which were formerly stated in a writ of *scire facias*. The relief demanded is not that the former judgment be revived, and that the plaintiff have execution thereon, but a money judgment for the amount of the Lockwood judgment, and interest and costs. The judgment rendered was a money judgment, in conformity with the prayer of the complaint. There is no order reviving a former judgment, and granting leave to issue execution to enforce the same. The action resorted to, as is clearly shown by the complaint, the place of trial, the judgment rendered, and the subsequent proceedings thereunder, was an action of debt upon the Lockwood judgment. To our mind, nothing seems clearer than that the Lockwood judgment was the cause of action of the Perry, trustee, judgment. This being the case, the former was, according to well settled law, extinguished and its lien lost. The lien of the latter judgment must, therefore, date from the 28th October, 1889. The former judgment being the cause of action of the latter action, was properly admitted in evidence as a part of the record of the latter judgment. Therefore, the rule that 'the defendant cannot avail himself of any matter of defence which is not stated in his answer, even though it should appear in his evidence,' was not violated.

"The view that we take of the case will dispense with the necessity of considering so much of the argument of the defendants as relates to the lien of judgment obtained before the Code, the manner of acquiring and reviving the same, the duration of such liens. In the main, the law seems to be stated

correctly. We deem it proper, however, to say that, under the decisions of our Supreme Court, we are of the opinion that the entry of a receipt upon the sheriff's execution book of a payment made on a judgment obtained before 1870, would be a substantial compliance with the new rule of evidence created by the act of 1879, now section 1831 of the General Statutes, and would extend the lien of such judgment from the date of such entry. *Patterson* v. *Baxley*, 33 S. C., 354.

"The defendant, John Heins, contends that the judgment owned by him, and the bond and mortgage on which it is predicated, is entitled to priority of payment over all the other debts or demands against the said J. I. Perry, deceased, save and except funeral and the expenses of last illness, expenses of administration, and debts due the public. The present judgment of this defendant is for the deficiency of the mortgage debt. It does not clearly appear at what date this judgment for the deficiency was rendered. The execution to enforce this judgment was issued, and lodged with the sheriff of Colleton County, July 1st, 1873. At this time final judgments were not a lien upon the property of the judgment debtor. There was no testimony going to show that this judgment was ever made a lien upon the property of the judgment debtor by levy or otherwise. The claim of the defendant must be governed by the same principles laid down as to the claim of the plaintiff herein. The evidence is, in our opinion, sufficient to establish the debt of this defendant, as a valid and subsisting claim against the estate of J. I. Perry, deceased. We do not think, however, that this defendant is entitled to any priority of payment over the plaintiff and the defendant, J. Lamb Perry, trustee. Under all the circumstances of this case, we are of the opinion that these creditors are creditors in equal degree, and that neither of them have priority over the others; that the debts of these creditors are of equal nature, and must, in case of a deficiency of assets, be paid in average and proportion as far as the assets of said intestate shall extend. See sections 1926, 895, General Statutes.

"The questions hereinbefore considered dispose of the main

questions presented by the pleadings, and seriously relied on in the argument of counsel.

"It is, therefore, ordered and adjudged : That the injunction heretofore granted be continued in full force and effect; that the master of Berkeley County do publish the usual notice to the creditors of J. I. Perry, deceased, intestate, to present and prove before him, within a certain specified time, their several and respective claims, or be debarred payment; that the administrator of the estate of the said intestate do account before said master for all assets which have come into his hands as such administrator; that said master do report to this court of what said assets do consist, and the debts presented and proven before him in their proper grade and order, as also upon the accounts of said administrator; that the real estate of said intestate, mentioned and described in the complaint herein, and now in the possession of his heirs, is liable to sale for the payment of the debts of the ancestor ; that the debts of the plaintiff and of the defendant, J. Lamb Perry, trustee, and John Heins, established by this decree, be included in the schedule of debts presented and proven before said master according to their legal priority ; that this decree shall not be so construed to effect the homestead right of the children of said intestate, if such right exists, and that the plaintiff or other party have leave to apply for further orders at the foot of this decree, on the coming in of the master's report on assets and debts."

To this decree of Judge Izlar the children of J. I. Perry, their trustee, filed the following grounds of appeal · 1. That his honor erred in finding that the judgment held and claimed by the plaintiff, R. Rivers Lawton, administrator, was still subsisting and unpaid; whereas his honor should have found, from all the circumstances of the case, that the same was paid and extinguished. 2. That his honor erred in finding that the judgment held and claimed by the defendant, John Heins, was still subsisting and unpaid; whereas his honor should have found, from all the circumstances of the case, that the same was paid and extinguished. 3. That his honor should have held that the defendant, John Heins, held no judgment whatsoever enforceable at law, the same never having been duly

entered up according to law. 4. That his honor should have held that the proceedings by the plaintiff, R. R. Lawton, administrator, could not have been brought until the judgment had been duly revived so as to be enforceable at law.

J. Lamb Perry, trustee, filed the following grounds of appeal : 1. That his honor erred in not finding that the judgment held by the defendant, J. Lamb Perry, trustee, was the first lien upon the lands and premises of the deceased, J. I. Perry. 2. That his honor should have found that the judgment held by the defendant, J. Lamb Perry, trustee, was the continuation and revival of the judgment obtained by Thos. P. Lockwood, trustee, and as such was a valid, subsisting, unpaid judgment, first in point of lien and time on all the property of the deceased, J. I. Perry. 3. That his honor should have found that the action upon the judgment recovered by Thos. P. Lockwood, trustee, by the defendant, J. Lamb Perry, trustee, was the proper action to be brought to revive said first judgment, and render the same enforceable by an execution at law ; that such action did not operate to merge the two judgments, but that the first judgment retained all its incidents of lien and rank, and was enforceable through the medium of the second judgment. 4. That his honor should have held that the proceeds of the sales of the deceased, J. I. Perry's, property must be first applied to the payment in full of the judgment so held by the defendant, J. Lamb Perry, trustee.

R. R. Lawton, as administrator, filed the following grounds of appeal : 1. That his honor failed to find that all testimony relating to the judgment of Lockwood, trustee, *v.* Perry, was irrelevant under the pleadings. 2. That his honor erred in holding that the judgment of J. Lamb Perry, trustee, *v.* Foster, administrator, was valid, the same having been obtained with intent to delay, hinder, and defraud creditors. 3. That his honor erred in holding that the plaintiff must share in equal proportion with the other creditors ; whereas he should have found that the plaintiff had the first claim upon the lands of Josiah I. Perry in possession of his heirs. 4. That his honor erred in finding that the judgment of October, 1889, was a valid judgment. 5. That his honor erred in holding that such

judgment was not contrary to the statute of 13 Eliz., Gen. Stat., § 1786.  4. That his honor erred in not holding that the judgment of J. L. Perry, trustee, *v.* H. P. Foster, administrator, merged the judgment of Lockwood, trustee, *v.* J. I. Perry, and rendered it of no effect.

John Heins submitted the following grounds of appeal: 1. That his honor failed to find that all the testimony relating to the judgment of Lockwood, trustee, *v.* Perry, was irrelevant under the pleadings.  2. That his honor erred in holding that the judgment of J. Lamb Perry, trustee, *v.* Foster, administrator, was valid, the same having been obtained with intent to delay, hinder, and defraud creditors.  3. That his honor erred in finding that the judgment of October, 1889, was a valid judgment.  4. That his honor erred in holding that such judgment was not contrary to the statute of 13 Eliz., Gen. Stat., § 1786.  5. That his honor erred in not holding that the judgment of J. L. Perry, trustee, *v.* H. P. Foster, administrator, merged in the judgment of Lockwood, trustee, *v.* J. I. Perry, and rendered it of no effect.

The questions of law suggested by this appeal present matters brimful of interest, and the very able and exhaustive discussion of such questions by the Circuit Judge must serve as an explanation of the reproduction of the entire decree in this opinion.  We cannot promise to do more than briefly refer to and decide these questions.  As the time allotted for the preparation of the opinions of this court in cases heard at our last term is so near exhausted, we are forced to adopt this course, but it is with some reluctance that we do so.  We propose to arrange all the questions of the appeal about three propositions: 1. Did the Circuit Judge err in his findings of fact and conclusions of law touching the judgment of James M. Lawton *v.* Josiah I. Perry?  2. Did the Circuit Judge err in a similar way in reference to judgment of John Heins *v.* Josiah Perry?  3. Did the Circuit Judge err in a similar way in regard to the judgment of J. Lamb Perry, trustee, *v.* H. P. Foster, administrator?

1. The object of the plaintiff's action, as indicated by the allegations of his complaint, both original and amended, as well

as the prayer for judgment, was, amongst other things, to obtain a judgment against the heirs at law of Josiah I. Perry, deceased, for $1,026.60, with interest thereon from the 3d day of April, A. D. 1871, upon a judgment obtained at that date against their ancestor, Josiah I. Perry, deceased, in his lifetime. This plaintiff had two remedies against the heirs of Josiah I. Perry, deceased. On the one hand, he might have brought an action against these heirs to revive the judgment and make it a lien upon the estate of Josiah I. Perry, deceased. Or, on the other hand, he had the right to use the judgment obtained against J. I. Perry in his lifetime *as a cause of action* in an action against his heirs at law. He chose the latter remedy. At law—we mean on the law side of the court—there was no necessity to make the personal representative of J. I. Perry, deceased, a party in such an action against the heirs. However, in equity such personal representative was a necessary party. In the case at bar, although the plaintiff exhibited his complaint in equity without at first making the personal representative of the estate of J. I. Perry, deceased, a party to the action, yet, by leave of court obtained, this defect was cured.

The defendants insist that the judgment obtained against J. I. Perry in his lifetime furnished no cause of action, because they allege that by operation of law such judgment was presumptively paid, although twenty years had not elapsed from its original entry (April, 1871,) to the commencement of this action, on 7th September, 1889. We cannot sustain this view, being entirely satisfied with the conclusion of the Circuit Judge on this point. The circumstances put in evidence to warrant a plea of payment were not sufficient. Appellants also claim that the plaintiff could not bring this action until he had first *revived* his judgment. We must overrule this view, also. If the plaintiff had sought to maintain *a lien* growing out of the judgment obtained in 1871, the view of appellants would have been sound. For the question has been decided, that there being no lien allowed to judgments obtained between the 1st March, 1870, and the 25th November, 1873, no such lien under such judgments could be obtained except by following the re-

quirements of the statute of 25th November, 1873, wherein is laid down the mode for obtaining such a lien. *Alsobrook* v. *Watts*, 19 S. C., 544–5. Confessedly no such steps were taken in this case.

We think, however, that the plaintiff, Lawton, as administrator, having elected to sue upon his judgment obtained in 1871, as a cause of action, is only entitled to rank as a creditor of the estate of J. I. Perry, deceased, holding a debt of record. 2 Black Judg., § 958: "And an action to recover the amount of a judgment with interest, in which a summons is issued and served as on a money demand, is an action on the judgment and not an action to revive it." We think this view is sustained by our own decision of *Garvin* v. *Garvin*, 27 S. C., 472–77.

2. As to the Heins judgment, we must reverse the conclusion reached by the Circuit Judge. This court has quite recently, in the two cases of *Parr* v. *Lindler, ante,* 193, and *Cook* v. *Jennings, ante,* 204, held that no judgment arising in an action to foreclose a mortgage, wherein the mortgaged property is ordered to be sold, exists for any deficiency of the mortgage debt after the proceeds of sale of the mortgaged property have been applied thereto, until an order of the court has been had, on the report of the officer making the sale showing what deficiency exists, for a judgment for such deficiency with leave to enforce its collection by an execution. In the case at bar, no report was made to the court of any such deficiency of John Heins' debt, and no order of judgment for such deficiency was granted. Hence there is no such judgment in favor of John Heins against the estate of Perry, deceased.

3. We confess, frankly, that the solution of the questions raised as to the rank of the judgment presented by J. Lamb Perry, as trustee (who was substituted as such trustee for Thomas P. Lockwood, the deceased trustee), against the estate of Perry, has been difficult, and it was mainly because of these difficult questions that a rehearing of the appeal herein was ordered. However, before proceeding to the consideration of the matter of difficulty as to this claim, it may be stated that we are entirely satisfied with the conclu-

sions of the Circuit Judge, wherein he announced that the testimony failed to establish the existence of fraud, or collusion, or impropriety in the conduct of any of the parties connected with the judgment obtained in October, 1889, by J. Lamb Perry, as trustee, against H. P. Foster, as administrator of the estate of Josiah I. Perry, deceased. All the parties or their attorneys did in connection with this judgment, was to put their house in order to resist any advantage over them by the plaintiff in the action at bar. And we include in this, our conclusion, all reference to the statute of 13 Elizabeth.

Let us now turn to the serious questions presented in connection with this judgment. It seems that while Lockwood was the trustee of the estate belonging to the children of Josiah I. Perry, now deceased, and in the lifetime of said Josiah I. Perry, to wit: in 1867, he obtained a judgment against said Perry for more than nineteen hundred dollars. Not only so, but execution was issued upon such judgment in 1868, and again in 1871. When this judgment was obtained, under the laws of this commonwealth it had a lien, from its entry, upon the whole estate, real and personal, of the judgment debtor. This lien, however, would have expired in 1887, that is after twenty years from its entry had elapsed, but for the payment of $100, in part payment thereof, which payment was duly entered of record, as required by law, in June, 1871. By this payment, the existence and lien of this judgment were extended in full force until June, 1891. Now the judgment debtor Perry died in 1880. At that date this judgment in the name of Lockwood as trustee, was the only lien upon his entire estate, and, under our laws, in the administration of the estate, real and personal, of Perry, deceased, this judgment had a preference as to its payment.

So that if the trustee, who held this judgment, had seen proper to present it, in its plight as it was in 1867, with the payment of $100 thereon in June, 1871, in the action now at bar, unquestionably the judgment would still have retained its lien and preference, for the action at bar was commenced in September, 1889, a period less than twenty years from June, 1871. But, unfortunately, after J. Lamb Perry had been sub-

stituted for Lockwood as trustee of the Perry children, and a *lis pendens* had been filed in the action at bar, the said J. Lamb Perry, as such trustee, instituted an action on the judgment obtained in 1867, as a cause of action against Henry P. Foster, as administrator of the estate of Josiah I. Perry, deceased, and this action ripened into judgment 24th October, 1889. When he attempted to set up this judgment obtained in October, 1889, with all the liens and rank of the judgment of 1867, it was urged that, by the doctrine of merger, the judgment of 1889 had absorbed all there was in the judgment of 1867, and that there was no longer such an entity as the judgment of 1867. If this last conclusion could be reached, Judge Izlar was in error in not giving the Lawton judgment a preference in rank over all other creditors.

It is urged before us in behalf of Perry, trustee, that his action was in the nature of a *scire facias*, which was the process in existence in this State prior to 1st March, 1870, as the mode by which a judgment and execution thereunder were revived; and not only so, but that the Code having abolished the writ of *scire facias* in this State, the action instituted by Perry, trustee, *v.* Foster, as administrator, in September, 1889, was the only mode by which he could revive the judgment of 1867; that thereby the lien and rank of this judgment was preserved; and that if these views are unsound, that it would be too harsh a rule to hold the doctrine of merger as destructive of the lien and rank of the judgment of 1867. We cannot sustain the view of Perry, trustee, as to the action commenced by him in 1889, being in the nature of a *scire facias*. His action was by regular summons and *complaint*, wherein a money judgment alone is prayed for. As was said by Mr. Justice McGowan in *Ex parte Witte Bros.*, 32 S. C., 228: "We have always supposed that a *scire facias* on judgment must pursue the terms of the judgment; that it is a continuance of the action, and must conform to the record; that the authority to issue an execution on a judgment is derived from the original judgment, which, revived, continues its vitality with other lien and other incidents from the time of its rendition." His next position, that his action was the only mode under the laws of this State whereby he might

18—40

*revive* his judgment of 1867, is equally untenable, in the light of the repeated decisions of this court. The true course of Perry, as trustee, to revive his judgment was to issue a summons under the Code to renew execution. This, when granted, revived the judgment. *Adams* v. *Richardson*, 32 S. C., 139 ; *Wood* v. *Milling, Ibid.*, 378 ; *Leitner* v. *Metz, Ibid.*, 383.

But let us examine this Perry, trustee, judgment, with relation to the judgment obtained in 1867. To our minds, it seems clear that, as a general proposition, it is true that a judgment between the same parties, or their privies, when used as a cause of action which ripens into a new judgment is merged in the last judgment. *Garvin* v. *Garvin*, 27 S. C., 477. As was said by Mr. Justice McGowan, in the case just cited : "A judgment is extinguished when, being used as a cause for action, it grows into another action." See also Freem. Judg., §§ 215, 217 ; 2 Black Judg., § 264. It will be noticed that one of the primary effects of a judgment is to establish a new debt. 2 Black Judg., § 267 ; Freem. Judg., § 217. This view is easily appreciated when the cause of action was of a lower dignity than a debt by judgment. A promissory note, or a debt by bond when reduced to judgment, becomes a debt of record. Thus a debt of lower rank is made one of a higher grade.

Usually it happens that the *cause of action* is so completely absorbed in the judgment that it is not competent longer to consider such cause of action apart from the judgment. This is not universally the case, however. When a creditor of a deceased debtor obtains judgment against the personal representative of the debtor in any contest between creditors of such deceased debtor as to rank, such rank is determined by the condition of the debt at the death of the debtor. Not only so, but when a mortgage is used as a cause of action which ripens into a judgment, such mortgage is not so merged in the judgment that it loses its lien. *Pence* v. *Armstrong*, 95 Ind., 191. So in this State, in the case of *Hardin* v. *Melton*, 26 S. C., 47, it was held that the holder of a judgment against a deceased debtor, who in obedience to a call for creditors under an action to call in creditors and marshal the estate, etc., rendered in his claim by judgment, and had his decree against

his debtor's estate, should not be deprived of the lien of his original judgment. As the doctrine is stated by Mr. Freeman in section 217, in his work on Judgments: "Every judgment is for most purposes to be regarded as a new debt; the chief and, perhaps, the only exception being in cases when the technical operation of the doctrine of merger would produce manifest hardship." As to the same matter, when considered by Mr. Black in the second volume of his work on Judgments, section 677, that author says: "One of the most important results of the merger of a cause of action in the judgment recovered upon it, is that thereby a new debt is created. * * * But whether the nature of the new debt is affected by the nature of the old claim, whether the judgment is independent of the characteristics of the cause of action it has absorbed, whether two judgments must be differently considered and differently enforced on account of a diversity in the nature of the demands on which they are severally founded, these are questions upon which the authorities exhibit much variety of opinion. * * * On the other hand, it has been broadly declared that whenever justice requires it, a judgment will be adjudged to be *an old debt* in a new form, and will not be regarded as creating *a new debt.*"

When Perry as trustee obtained his judgment against Foster as administrator upon the judgment of 1867 as a cause of action, such last judgment (that of 1867) had a lien on the deceased debtor's estate, created in the lifetime of the last named. So far as dignity or rank as between the judgments (that of 1867 and 1889), they were the equal one of the other, for each was a judgment. There was, therefore, no new dignity created. Would it not be a hardship to declare this judgment of Perry, trustee, obtained in 1889, to have destroyed that of 1867? It seems to us that it should fall among the exceptions to the general rule, and not affecting the general rule. It follows, therefore, that the Circuit Judge was in error when he decreed that the claims of Perry as trustee on the one side, and Lawton as administrator on the other side, are of equal rank, and should be paid ratably; he should have held Perry as trustee was entitled to set up the lien of his judgment obtained in 1867, as the

first lien on all the property of Josiah I. Perry, deceased. It follows, therefore, that the circuit decree must be modified.

It is the judgment of this court, that the Circuit judgment be modified as herein required, and in all other respects affirmed. Let the cause be remanded to the Circuit Court for such further proceedings as may be necessary.

MR. JUSTICE McGOWAN concurred.

MR. CHIEF JUSTICE McIVER. I dissent from so much of this opinion as relates to the rank given to the Perry, trustee, judgment, and will hereafter give my reasons in writing. In all other respects I concur.