No.   93-220

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

MRN WELCH,

       Plaintiff and Appellant,

  V.

SHARON D. HUBER, a/k/a SHARON
TURBIVILLE, a/k/a SHARON BERTRAM,

       Defendant and Respondent.



APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Richard J. Carstensen, Billings, Montana

       For Respondent:

       George T. Radovich, Billings, Montana


Submitted on Briefs:   October 15, 1993

Decided:   November 18, 1993

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner Lorn Welch appeals from a decision of the Thirteenth Judicial District Court, Yellowstone County. The court declared that a judgment, judgment lien, and judgment execution held by Lorn Welch against respondent were void. We affirm the holding of the District Court for reasons not stated in its order.

The dispositive issue is whether the judgment in this case is barred because the judgment creditor did not file an action to extend the judgment within ten years of the date the judgment was entered, as permitted by § 27-2-201(1), MCA.

During 1980, Lorn Welch (Lorn) loaned money to Sharon D. Huber, a/k/a Sharon Turbiville, a/k/a Sharon Bertram (Sharon) for the construction of a home in Billings. As part of their agreement, Sharon signed a promissory note which stated she would pay Lorn $6,612.34. Sharon did not pay Lorn. On July 20, 1982, he successfully obtained a default judgment against her.

On July 20, 1988, Lorn moved the court to extend the judgment, the lien of the judgment and the right to issue execution thereon. That day, the District Court entered an order extending the judgment until July 20, 1994. On January 11 and 26, 1993, ten years, five months, twenty-two days and ten years, six months, six days, respectively, after the July 20, 1982 judgment, Lorn attempted to collect on the judgment by obtaining two writs of execution against property Sharon had in Roosevelt and Lewis and Clark Counties. Sharon thereafter moved the court to strike the

2

order which extended the judgment, and to quash **Lorn's** writs of execution.

The court granted Sharon's motion after finding that the order extending the judgment was void because Sharon was not served with notice of the motion. Lorn appeals.

Is the judgment in this case barred because the judgment creditor did not file an action to extend the judgment within ten years of the date the judgment was entered, as permitted by § 27-2-201(1), MCA?

Our standard of review concerning a district court's conclusions of law is to determine whether the conclusions are correct. Steer, Inc. v. **Dep't** of Revenue **(1990),** 245 Mont. 470, 803 **P.2d** 601.

The order extending **Lorn's** time to execute the judgment presumed to make the original judgment order valid for a period of twelve years (from 1982 to 1994). This is not permissible. Enforcement of a judgment is barred by its statute of limitations after the judgment order's ten-year duration has expired. Section **27-2-201(1),** MCA, states:

> **[T]he** period prescribed for <u>the commencement of an action</u> upon a judgment or decree of any court of record of the United States or of any state within the United States is within 10 years. [Emphasis supplied].

A judgment creditor may file an action to extend a district court's judgment beyond its initial ten-year duration; the judgment cannot

3

be extended past ten years by ex parte motion, as Lorn moved on July 20, 1988. See generally State v. Hart Refineries (1939), 109 Mont. 140, 92 P.2d 766.

In light of the above statute and § 25-13-102, MCA, motions to extend the time for executions of district court judgments past six years from the date the judgments are entered are permissible, as long as the total time period does not extend past the judgment's ten-year duration. Because Lorn attempted to collect on the judgment on January 11 and 26, 1993--ten years, five months, twenty-two days and ten years, six months, six days, respectively, after the court entered its original July 20, 1982 judgment order-- the executions are barred as being five months, twenty-two days and six months, six days, respectively, late.

We hold that Lorn's ex-parte motion was not an action nor a valid basis to extend the 1982 judgment against Sharon past 1992.

Affirmed.

Chief Justice

4

We concur:

_____
John Conway Harrison

_____
Karla M. Gray

_____

_____
Terry Trieweiler
Justices

November 18, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Richard J. Carstensen
Attorney at Law
P. 0. Box 2093
Billings, MT 59103-2093

George T. Radovich
Attorney at Law
926 Main, Ste. #9
Billings, MT 59105

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy