JUSTICE NELSON
concurs and dissents.
I agree with our analysis of Issues 1, 3 and 4 and dissent from our decision on Issue 2.
On Issue 2,1 disagree with our conclusion that on registration of the Wyoming federal court judgment in Montana federal district court, a new judgment was not created under 28 U.S.C. § 1963. In my view, we should interpret the effect of registration under this federal statute as the federal circuit courts have.
In Stanford v. Utley (8th Cir. 1965), 341 F.2d 265, then Circuit Judge Blackmun, wrote what is probably the seminal decision interpreting § 1963. Contrary to our decisionhere, the federal court stated:
We have concluded that § 1963 is more than “ministerial” and is more than a mere procedural device for the collection of the foreign judgment. We feel that registration provides, so far as enforcement *321 is concerned, the equivalent of a new judgment of the registration court. [Emphasis added.]
Stanford, 341 F.2d at 268.
The court based its conclusion on several considerations. First, the court found the statute to be more comprehensive than the limited execution type of statute exemplified by 28 U.S.C. § 2413. Moreover the clear, unambiguous and purposeful language § 1963 requires registration to “have the same effect as a judgment,” rather than something far inferior. Second, giving the transferred judgment “lesser status” would thwart some or all of the purposes of § 1963, which include the simplification and facilitation of enforcement of federal judgments; the elimination of the necessity and expense of a second lawsuit; and the avoidance of impediments such as diversity of citizenship which new and distinct federal litigation might otherwise encounter. Third, the authorities (Moore’s Federal Practice; Barron & Holtzoff, Federal Practice and Procedure; and the Restatement of Conflict of Laws; for example) do not narrow the language of the statute in their comments and applications. Fourth, § 1963 appears to be broader in its language and scope than a mere “ministerial” or enforcement aid and has some substantive aspect as opposed to being exclusively procedural in character. Stanford, 341 F.2d at 270-71.
Moreover, without attempting to reconcile the conflicting language used by the two federal district courts in Juneau Spruce Corp. v. International Longshoremen’s & Warehousemen’s Union (N.D.Cal. 1955), 128 F.Supp. 715; and Juneau Spruce Corp. v. International Longshoremen’s & Warehousemen’s Union (D. Hawaii 1955), 128 F.Supp 697, Judge Blackmun, nevertheless, found the actual holdings of those two cases — that timely registration opens the way to enforcement procedure in the registration court — were consistent with the court’s decision in Stanford. Stanford 341 F.2d at 268-69.
Finally, Marx v. Go Pub. Co., Inc. (9th Cir. 1983), 721 F.2d 1272, is consistent with Stanford in holding that registration under § 1963 creates a new judgment. As the majority points out, Montana had not in 1987 yet adopted the registration procedures under the Uniform Enforcement of Foreign Judgments Act. The only conclusion that I can draw from that statement in reference to this issue is that if the Uniform Act had been in effect in 1987, then a federal court looking to Montana law (i.e. the Uniform Act) would have concluded that registration of a foreign judgment in Montana under that Act would have created a “new” Montana judgment. In that I agree.
*322 Moreover, that conclusion is consistent with the Montana law that was in effect in 1987. Specifically, § 27-2-201, MCA, did (and still does) permit actions on judgments of federal and state courts of record to be commenced in Montana within 10 years from the date of entry of the judgment. Section 27-2-201(1), MCA. Nothing in that section or in our case law indicates that in Montana a judgment obtained by suing out federal or sister state court judgment would not be a “new” judgment for all purposes. In fact, our current case law compels the opposite conclusion. See Welch v. Huber (1993), 262 Mont. 114, 862 P.2d 1180; and Jones v. Arnold (1995), 272 Mont. 317, 900 P.2d 917, 924, which indicate that, as to domestic judgments, a judgment obtained through an action on a judgment is a “new” judgment.
Furthermore, § 25-9-303, MCA, discussed in our opinion also lends support to the conclusion that registration creates a “new” judgment for execution purposes. Section 25-9-303(1), MCA, provides, in pertinent part that:
From the time of the filing [of the federal court judgment with the clerk of the state district court], the judgment becomes a lien upon all real property of the judgment debtor that is not exempt from execution in the county and ... the lien continues for 6years unless the judgment is previously satisfied. [Emphasis added.]
I suggest that it is more than mere coincidence that the time period during which the judgment lien is in effect on filing of the federal court judgment in state court under this statute, is exactly the same time period as the judgment lien for “new” judgments docketed with the clerk of court. See § 25-9-301(2), MCA. If the filing of the federal court judgment in state court did not create a “new” judgment, then the statute could not provide unequivocally for a full 6-year judgment lien. Rather, the length of the lien from the state court filing would be dependent upon the running of some other time period which commenced when the federal judgment was originally issued.
Accordingly, until our decision here, I suggest that a federal court that looked to Montana law in general and to §§ 27-2-201(1) and 25-9-303(1), MCA, in particular, to determine whether registration under § 1963 created a new judgment in this state, would likely have come to the same conclusion as did the court in Marx.
At least until this case, it appears that the registration of or suing out of a foreign federal or state court judgment in Montana would create a “new” judgment in this state. The same is true of a Montana federal court judgment transferred by filing of a transcript of judgment in the state district court. The mischief in our decision here is *323 that, now, execution in Montana on a whole class of judgments originating in other jurisdictions must henceforth be accomplished, not in accordance with time limits clearly established in Montana law, but rather, in reference to time limitations established in the originating states. Accordingly, I would hold that under § 1963, a new judgment was created when the Wyoming federal court judgment was registered in Montana federal district court on August 1, 1989, and I dissent from our conclusion to the contrary.
JUSTICE GRAY joins in the foregoing special concurrence and dissent.