No. 98-041

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 214

WILLIAM LEE JONES, individually, and d/b/a

JONES EQUIPMENT and JONES EQUIPMENT, INC.,

Plaintiffs and Respondents,

v.

GARY ARNOLD,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Raymond P. Tipp, Tipp & Buley, P.C., Missoula, Montana

For Respondents:

Don Torgenrud, Attorney at Law, St. Ignatius, Montana

Submitted on Briefs: July 29, 1998

Decided: August 25, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **William Lee Jones, Jones Equipment and Jones Equipment, Inc. (collectively, Jones) brought this action to renew a judgment entered against Gary Arnold (Arnold). The Fourth Judicial District Court, Missoula County, entered summary judgment in favor of Jones, and Arnold appeals. We affirm the decision of the District Court.**

## ISSUE

¶ **The issue in this case is whether the District Court erred by granting summary judgment on the issue of whether § 27-2-201(1), MCA, precludes a creditor from seeking the renewal and extension of a judgment beyond the original statutory ten-year limitation period.**

## BACKGROUND

¶ **On March 10, 1986, in the Fourth Judicial District Court, Missoula County, Jones obtained a money judgment against Arnold in the amount of $32,695.00. On February 7, 1996, Jones filed a complaint before that same court to renew the March 10, 1986 judgment and extend it for an additional ten years pursuant to § 27-2-201 (1), MCA. Upon cross motions for summary judgment, the District Court granted**

summary judgment in favor of Jones, holding that the action to renew the judgment was properly brought, that the complaint filed by Jones satisfied the necessary procedural requirements for obtaining a new judgment on the existing judgment, and that Jones was entitled to relief as a matter of law. The District Court subsequently entered summary judgment against Arnold renewing the prior judgment and extending its life for an additional ten years.

## DISCUSSION

¶ Did the District Court err in granting summary judgment on the issue of whether § 27-2-201(1), MCA, precluded a creditor from seeking the renewal and extension of a judgment beyond the original statutory ten-year limitation period?

¶ Under Rule 56(c), M.R.Civ.P., summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Conclusions of law made by the trial court are reviewable by this Court *de novo*. *Public Employees' Ass'n v. Department of Transp.,* 1998 MT 17, ¶ 8, 954 P.2d 21, ¶ 8, 55 St. Rep. 60, ¶ 8.

¶ Section 27-2-201(1), MCA, reads in pertinent part: "[T]he period prescribed for the commencement of an action upon a judgment or decree of any court of record of the United States or of any state within the United States is within 10 years." It is Arnold's contention that an "action on a judgment" as that term is used in § 27-2-201 (1), MCA, is limited to those ancillary actions which are specifically defined elsewhere in the Code. These actions include an action to transfer judgment to another venue, an action to obtain a writ of execution, an action to extend a judgment lien beyond its statutory six-year life, commencement of proceedings in aid of execution of the judgment, and commencement of contempt proceedings. Arnold argues that an action to extend the life of a judgment is not an action specifically provided for in the Code, nor is it contemplated within the language of § 27-2-201(1), MCA, because it does not share the collection and enforcement function of the other ancillary actions. Furthermore, Arnold argues, there is a dearth of case law in which the right to seek an extension of a judgment is established or recognized.

¶ We disagree with Arnold's contention that the law of Montana does not provide for

a cause of action to renew a judgment and extend its life beyond the ten-year statute of limitations period. To the contrary, several of the prior decisions of this Court cited by Arnold clearly recognize the right of a creditor to seek a judgment on a prior judgment in order to extend the effectiveness of the original judgment beyond the statutorily defined limitations period. In *Welch v. Huber* (1993), 262 Mont. 114, 116, 862 P.2d 1180, 1181, this Court stated: "A judgment creditor may file an action to extend a district court's judgment beyond its initial ten-year duration; the judgment cannot be extended past ten years *by ex parte motion . . . .*" (Emphasis added.) This same conclusion was reiterated by the Court two years later:

> [W]hile a judgment cannot be extended past 10 years by ex parte motion, nevertheless, a judgment creditor may file an action to extend a district court's judgment beyond its initial 10-year duration. [Citation omitted.] In other words, enforcement of a judgment is barred by § 27-2-201(1), MCA, after the judgment's 10-year duration has expired. [Citation omitted.] If before that 10-year duration expires the judgment creditor desires to extend the judgment past 10 years, then he must file a separate action on the existing judgment and obtain a new judgment.

*Jones v. Arnold* (1995), 272 Mont. 317, 327, 900 P.2d 917, 924.

¶8 The result reached by the Court in both *Welch* and *Jones* is wholly consistent with the historical development of the enforcement of the statutory limitations period against a judgment creditor seeking renewal of a judgment of record. The right of revivor of a dormant judgment was recognized at common law through the procedural mechanism of a writ of *scire facias*. Although the merger of the courts of law and equity resulted in the abolition of this ancient form of pleading, the cause of action was nonetheless perpetuated under Montana's earliest codified versions of the rules of civil procedure, which also codified a limitations period on the life of a judgment. *See Haupt v. Burton* (1898), 21 Mont. 572, 55 P. 110 (under the Code of Civil Procedure set forth in the Compiled Statutes of 1887 a judgment could be revived either by filing a motion or by filing a complaint seeking the remedy of revivor, provided that the action was commenced within the six-year statute of limitations period). The early Court determined that the statutory

remedies related to the execution of a judgment were cumulative and did not preclude an action for the extension of the life of a judgment. *Lindsay Great Falls Co. v. McKinney Motor Co.* (1927), 79 Mont. 136, 143, 255 P. 25, 28. Although later versions of the Code extended the limitations period for the life of a judgment from six to ten years, the Court maintained its conclusion that an "action for revival or renewal may be brought as a matter of right within ten years." *State v. Hart Refineries* (1939), 109 Mont. 140, 142, 92 P.2d 766, 768.

¶9 If the earlier versions of the statutory limitations periods, which are virtually identical in language to the current version of § 27-2-201(1), MCA, did not operate to eviscerate the right of a judgment creditor to seek renewal and extension of a judgment, it would be difficult to reconcile why we should now determine that such a right no longer exists by operation of § 27-2-201(1), MCA, as it is currently in force. Given the consistency and longevity of the Court's recognition of this cause of action, we reject Arnold's arguments regarding the vitiating effect § 27-2-201(1), MCA, on Jones' right to seek an extension of his judgment.

¶10 Because the District Court's summary judgment is consistent with the rules for extending the legal life of a judgment as set forth in both *Welch* and *Jones*, we hold that the District Court did not err in granting summary judgment with regard to Jones' right to bring an action to renew the prior money judgment entered against Arnold.

¶11 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.