DA 14-0518

FILED

March 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0518

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 80N

LEONARD WALLACE,

      Plaintiff and Appellant,

  v.

NORMAN HAYES and
RODNEY J. HAYES,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 01-0882
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Leonard Wallace (self-represented); Coeur d'Alene, Idaho

      For Appellees:

          Tom Singer, Axilon Law Group, PLLC; Billings, Montana

Submitted on Briefs:  February 11, 2015
Decided:  March 10, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2     Leonard Wallace (Wallace) appeals from the order of the Montana Thirteenth Judicial District Court, Yellowstone County, renewing a 2004 judgment it rendered in favor of Norman Hayes, MagTrac Bolus Partnership, Gerald Hill, Lucille Hill, Jack Heyneman, John Heyneman, and Rodney J. Hayes (Hayes, et al.).  We reverse.

¶3     On August 3, 2004, Hayes, et al., obtained a judgment against Wallace for $2,500,000.  On June 17, 2014, Hayes, et al., filed a motion asking the District Court to renew this judgment.  They alleged that over $2,068,771.22 of the judgment remained unsatisfied.  Wallace objected to this motion.  He argued that the original judgment was invalid because of fraud, due process violations, and contempt of court. For these reasons, he claimed that the District Court should not renew the judgment, and he asked the District Court to review the legality of the judgment.  Despite Wallace's arguments, the District Court granted the motion of Hayes, et al., and issued an order renewing the judgment.

¶4     Wallace appeals from this order.  He repeats the arguments that he made to the District Court and asks this Court to reverse the order and to remand for a hearing on the validity of the original judgment.

¶5     Hayes, et al., concedes that the judgment was renewed in error.  They admit and we agree that a judgment cannot be renewed on the motion of a party.  *Jones v. Arnold*, 272

Mont. 317, 325, 328, 900 P.2d 917, 922, 924 (1995); *see also Welch v. Huber*, 262 Mont. 114, 116, 862 P.2d 1180, 1181 (1993) (reversing an order granting an ex parte motion to renew a judgment). As we have stated, "a judgment may be extended past its 10 year duration *only by filing a separate action* to obtain a judgment on the judgment." *Jones*, 272 Mont. at 325, 900 P.2d at 922 (citing § 27-2-201(1), MCA; *Welch*, 262 Mont. at 116, 862 P.2d at 1181) (emphasis added). Because Hayes, et al., did not file a separate action and instead requested renewal by motion, the District Court erred by renewing the judgment. For this reason, we reverse the order of the District Court. This decision does not preclude Hayes, et al., from filing a separate action to renew the judgment.

¶6 We do not agree, however, with Wallace's claim that he is now entitled to remand and a hearing on the merits of the original matter. Even if an action to renew the judgment was properly instituted, Wallace would not be entitled to argue the merits of the original matter. *State v. Hart Refineries*, 109 Mont. 140, 143, 92 P.2d 766, 768 (1939); *Haupt v. Burton*, 21 Mont. 572, 575-76, 55 P. 110, 111 (1898). He is by no means entitled to a hearing on the arguments which he has unabatingly made to the District Court during the past thirteen years, which he has brought to the attention of this Court on eleven occasions, and which are – as they have been for over a decade – settled as res judicata. The District Court did not err by refusing to grant a hearing on Wallace's arguments.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court

3

incorrectly interpreted.

¶8      Reversed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE