FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0565

DA 22-0565

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 126N

TAMMY MARIE BOUDETTE, n/k/a
TAMMY MARIE OSKERSON,

      Plaintiff and Appellee,

  v.

DANIEL BRIAN BOUDETTE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DV-2019-69
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Daniel B. Boudette, Self-represented, Townsend, Montana

      For Appellee:

      Adam H. Owens, Gregory G. Costanza, Granite Peak Law, PLLC,
Belgrade, Montana

                    Submitted on Briefs:  April 19, 2023

                              Decided:  June 27, 2023

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniel Brian Boudette (Boudette) appeals two orders entered by the First Judicial District Court, Broadwater County, regarding execution by Tammy Marie Oskerson (Oskerson) of the parties' dissolution judgment. The primary issue is whether Boudette is collaterally precluded from making his claims herein. Following review of the complex procedural history of the case, we conclude he is, and we affirm the District Court.

¶3      Since the dissolution of their marriage in 2009 in Arizona, Boudette and Oskerson have been engaged in yearslong litigation relating to a property in Broadwater County (Property) they previously jointly owned. The Decree of Dissolution of Marriage (Divorce Decree) issued by the Arizona court required Boudette to pay Oskerson a sum of money equivalent to her share of their community proceeds, including the Property. *Boudette v. Boudette*, 2019 MT 268, ¶¶ 1-2, 397 Mont. 519, 453 P.3d 893 (*Boudette I*). In September 2012, Oskerson registered the Divorce Decree as a foreign judgment in Broadwater County, Montana, pursuant to the Uniform Enforcement of Foreign Judgments Act. *Boudette I*, ¶ 1. In December 2018, after Arizona's statute of limitations to enforce the judgment had expired, Boudette moved the Montana District Court to extinguish the

2

Divorce Decree, which was granted. *Boudette I*, ¶ 4. Oskerson appealed, and in *Boudette I,* we concluded the Divorce Decree was still effective under Montana's applicable statute of limitations. *Boudette I*, ¶ 18.[1] We therefore reversed and remanded the matter for reinstatement of the registered foreign Divorce Decree. *Boudette I*, ¶ 19.[2]

¶4 On remand, Boudette raised the homestead exemption, § 70-32-201, MCA, contending it prevented sale of the Property. In its Order on Motions, April 14, 2020, the District Court, Hon. Michael F. McMahon presiding, denied Boudette's motions to extinguish the judgment and for a stay and return of property. In that Order, Judge McMahon concluded that, as a purchase price lien holder, Oskerson was entitled to proceeds from the sale of the Property under § 25-13-607, MCA, which controlled over the homestead exemption because of its more specific language. *See Order on Motions* at 2-4*, BDV-2012-49, April 14, 2020 (". . . the general rule is that homesteads are exempt. The statute in question allows execution against exempt property only by (1) a creditor, (2) to enforce a claim, (3) for the purchase price of the property. It is clear that Mont. Code Ann. § 25-13-607 is more specific, and therefore controls."). Boudette did not appeal that order.

¶5 During the course of this litigation, and shortly after our decision in *Boudette I*, on December 9, 2019, Oskerson filed a petition to renew and extend the judgment, with

---

[1] Section 25-13-101(1), MCA, provides for enforcement of a foreign judgment for ten years following its registration, rather than the five years under Arizona law. *Boudette I*, ¶ 18.

[2] *Boudette I* was an appeal of Broadwater County Cause No. BDC DV-2012-49.

supporting affidavit of foreign judgment,[3] which was assigned a new Broadwater County cause number, Cause No. CDV-2019-68, despite its relation to the ongoing litigation in Cause No. BDC DV-2012-49.  It is within this new cause the current appeal is taken.  On December 17, 2019, the District Court entered a judgment renewing and extending the Divorce Decree for an additional ten years.  Boudette filed a motion for relief from the judgment pursuant to M. R. Civ. P. 60(b)(4), claiming improper service resulting in lack of personal jurisdiction, lack of subject matter jurisdiction and lack of due process.  Both sides submitted briefing, but the District Court did not issue an order, and the motion was deemed denied by operation of law.  Boudette did not appeal from the deemed denial of this motion.[4]

¶6　　About two years later, in January 2022, Boudette filed a letter with the District Court requesting action on his Rule 60(b) motion for relief.  The District Court responded with a

---

[3] This version of the foreign judgment included more recent rulings from the Arizona divorce proceedings pertaining to attorney fee and cost awards.

[4] The assignment of the new cause number gave rise to Boudette's argument that, because no summons was issued, he did not receive proper notice of the proceeding.  Subsequently, in its September 13, 2022, order denying Boudette's motion to quash entered under CDV-2019-68, the District Court, Hon. Kathy Seeley presiding, citing *Jones v. Arnold*, 1998 MT 214, 290 Mont. 444, 963 P.2d 1269, ruled that there was no statutory process to extend a judgment, but rather "it is a process established at common law" and "[s]ervice of process is not required to register a foreign judgment."  Copies of the pertinent filings—the petition to renew and extend the judgment and the court's renewal judgment—were mailed to Boudette, and we conclude the District Court correctly ruled that he received proper notice.

4

letter explaining to Boudette that, pursuant to M. R. Civ. P. 59(f), his motion had been deemed denied as a matter of law upon the passage of sixty days after its filing.[5]

¶7    On July 25, 2022, upon Oskerson's request, the Clerk of the District Court issued a writ of execution (Writ) on the judgment. After being served with the Writ and accompanying Notice of Sheriff's Sale on Execution on August 12, 2022, Boudette filed a "Claim of Homestead Exemption" based upon § 25-13-212, MCA, in which he asserted the Property was exempt from the execution sale under § 70-32-201, MCA, and requested a hearing. Boudette also contended the District Court lacked personal and subject matter jurisdiction, and that Oskerson had obtained the underlying judgment fraudulently. Boudette also contemporaneously filed a "Motion to Quash Writ of Execution," accompanied by a supporting brief. In his motion to quash, Boudette re-argued the homestead exemption claim he had made previously, while also asserting that this Court's ruling in *Boudette I* had "barred any cause of action for a suit to obtain a new judgment upon a debt created by a judgment of another state." Oskerson submitted extensive briefing in response to Boudette's homestead exemption claim, but did not specifically respond to the motion to quash, which was based in part upon the claim.

---

[5] In May 2020, Boudette filed Chapter 7 bankruptcy, following which a related issue was litigated before the United States Bankruptcy Court for the District of Montana. *See Oskerson v. Boudette (In re Boudette),* Nos. 20-20147-BPH, 20-02012-BPH, 2021 Bankr. LEXIS 2624 (Bankr. D. Mont. Sep. 24, 2021). Considering "whether the judgment debt and the child support debt are excepted from [Boudette's] discharge," the Bankruptcy Court concluded that "Boudette must pay Oskerson the amounts awarded under the [Divorce] Decree. Neither this bankruptcy nor Boudette's discharge will relieve him of these obligations." *In re Boudette*, 2021 Bankr. LEXIS 2624 at 2, 24.

¶8 In its September 6, 2022, Order, the District Court denied Boudette's motion for a hearing on the homestead exemption, reasoning that, upon this Court's remand in *Boudette I*, the court had addressed this issue within BDV-2012-49:

> the district court (Judge McMahon) specifically addressed Respondent's claim that the homestead exemption on his property prevented execution of the divorce decree/judgment. The district court expressly rejected the claim the homestead exemption applied. That ruling was not appealed. Therefore, this issue has been decided against Respondent as to the Divorce Decree.

(Internal citations omitted.) The District Court also noted that Boudette had not appealed the deemed denial of his Rule 60(b)(4) motion for relief from the District Court's order renewing and extending the foreign judgment. Concluding, "[t]he Court finds no legal basis to interfere with the writ of execution on the properly registered foreign judgment. It has previously been held that the homestead exemption does not protect [Boudette's] property from execution under the Divorce Decree."

¶9 Boudette then filed a "Notice" with the District Court, arguing that, pursuant to Uniform District Court Rule 2(c), Oskerson's failure to specifically respond to the motion to quash equated to "an admission that the motion is well taken." In its September 13, 2022, Order on Motion to Quash Writ of Execution, the District Court characterized Boudette's arguments as "a rehash of issues previously raised in this case and BDV 2012-49." Citing *In re Marriage of Lundstrom*, 2007 MT 304, ¶ 23, 340 Mont. 83, 172 P.3d 588, the District Court noted this Court had "clarified that Uniform District Court Rule 2(c) does not mandate that the district court grant a motion for which no response has been filed." Concluding once more that all Boudette's arguments had already been

6

litigated, and previous rulings had not been appealed, the District Court denied Boudette's motion to quash. Boudette appeals.

¶10 As an issue of law, we review a district court's application of issue or claim preclusion de novo for correctness. *Reisbeck v. Farmers Ins. Exch*., 2020 MT 171, ¶ 10, 400 Mont. 345, 467 P.3d 557; *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494.

¶11 Boudette argues at length the District Court erred by denying his motion to quash and his homestead exemption claim. Boudette reasserts the arguments he made before the District Court, augmented with his contention that the District Court erred by concluding his arguments had previously been litigated. In response, Oskerson argues the District Court correctly held Boudette was collaterally precluded from re-asserting his homestead exemption claim, and that his arguments pertaining to the continued validity of the Divorce Decree were finally rejected and resolved in *Boudette I*.

¶12 By application of res judicata and collateral estoppel, courts preserve judicial resources and prevent the piecemeal challenging of judgments, thereby "upholding the judicial policy that favors a definite end to litigation." *Denturist Ass'n of Mont. v. State*, 2016 MT 119, ¶ 10, 383 Mont. 391, 372 P.3d 466. "Res judicata, or claim preclusion, bars a party from relitigating a matter that the party already had the opportunity to litigate," while "[c]ollateral estoppel, or issue preclusion, is a form of res judicata, and bars the reopening of an issue that has been litigated and resolved in a prior suit." *Adams v. Two Rivers Apts., LLLP*, 2019 MT 157, ¶¶ 8-9, 396 Mont. 315, 444 P.3d 415; *Baltrusch v.*

7

*Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Though similar, the doctrines differ in that claim preclusion bars a second suit based on the *same* cause of action, while issue preclusion bars litigation of an issue in a second suit based on a *different* cause of action. *Reisbeck*, ¶¶ 14-15.

¶13 Claim preclusion applies when all five of the following elements are satisfied:

(1) The parties or their privies are the same;

(2) The subject matter of the present and past actions is the same;

(3) The issues are the same and relate to the same subject matter;

(4) The capacities of the parties are the same to the subject matter and issues between them; and

(5) A final judgment on the merits has been entered.

*Reisbeck*, ¶ 15.

¶14 Applying these elements, we conclude the District Court correctly precluded Boudette's claims. The first element is satisfied as both Oskerson and Boudette remain adverse parties, as they were in BDV-2012-19 (*Boudette I*). The capacities of both parties have also remained consistent between both cases, satisfying element four. As for elements two and three, the subject matter of both cases has been the enforcement of the Divorce Decree, and each of Boudette's presently argued issues were part of the previous litigation.

¶15 As the District Court noted in its September 6, 2022, Order, following our remand of *Boudette I*, "the district court (Judge McMahon) specifically addressed Respondent's claim that that homestead exemption on his property prevented execution of the divorce

8

decree/judgment. The district court expressly rejected the claim that the homestead exemption applied." Judge McMahon's April 15, 2020, Order on Motion explicitly concluded the specific language of § 25-13-607, MCA, which "allows execution against exempt property only by (1) a creditor, (2) to enforce a claim, (3) for the purchase price of the property," controlled over the general language of the homestead exemption under in § 70-32-201, MCA. That order was not appealed.

¶16 Regarding Boudette's arguments about the validity of the Divorce Decree, the District Court reasoned, as noted above, that Boudette "had litigated the propriety of registration of an Arizona judgment and was aware when the case was reversed and remanded. He does not dispute that he received notice of the foreign judgment, and the registration and renewal of judgment." The District Court correctly explained that, through the deemed denial of Boudette's Rule 60(b)(4) motion for relief, it had already resolved Boudette's "allegation of lack of personal jurisdiction because of lack of service of process, lack of subject matter jurisdiction and lack of due process." As such, elements two and three have therefore been satisfied.

¶17 Lastly, by way of our decision in *Boudette I*, Judge McMahon's 2020 order on remand, and the District Court's deemed denial of Boudette's Rule 60(b)(4) motion for relief, each issue now raised by Boudette was addressed and included in a final judgment. Boudette did not appeal either Judge McMahon's order or the District Court's deemed denial. Thus, element five has also been satisfied. All elements of claim preclusion having been satisfied, we conclude the District Court correctly precluded Boudette's claims based

9

on res judicata and denied his homestead exemption claim and his motion to quash the writ of execution.

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19    Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

10